MARY REARDON, Plaintiff in Error, *v.* ST. LOUIS COUNTY, Defendant in. Error.

1. *Action—Counties.*—Counties are *quasi* corporations, created by the Legislature for purposes of public policy, and are not responsible for the neglect of duties enjoined on them, unless the action is given by statute.

*Error to St. Louis Circuit Court.*

*Garesché,* for plaintiff in error.

I. The petition is sufficient.

II. The plaintiff was entitled to recover. (§§ 3 & 4 of "Act concerning damages," R. C. 1855, p. 648.)

III. By the laws applicable to St. Louis county, it is compelled to keep in repair the roads, bridges and highways of certain routes, *inter alia*, the Bellefontaine road, and, to carry out the purpose, is clothed with the power to borrow money, levy taxes and collect toll. (See act concerning roads and highways; "Volume of Laws applicable to St. Louis county," § 2, p. 379; § 5, p. 380; § 12, p. 381; § 2, p. 386, concerning tolls; § 2, p. 391, authorized to borrow money; § 1. p. 393, " to open and to keep in repair all public roads in St. Louis county "; § 11, p. 396, to open and keep in repair " may tax "; § 14, p. 396, may apply tolls to the keeping in repair roads and bridges, and opening new roads; § 15, p. 396, county court may employ such surveyors, engineers and agents necessary to open and keep in repair the roads of said county, and for the erection of bridges and other work on said roads; § 19, p. 396, may take other county funds for these purposes; § 21, must collect such rate of toll as shall be reasonable and just, to apply the same to keeping said roads in repair.

IV. A defective bridge, or the want of a suitable barrier to a bridge or road, is a defect for which a company can be held responsible. (Randall v. Prop'rs Cheshire Turnpike Co., 6 N. H. 147 ; Townsend v. Pres't & Direc's of Susquehanna Turnpike Co., 6 John. 90 ; Wheeler v. Troy, 20 N. H.

78; Coggswell v. Livingston, 4 Cush. 308; Norris v. Litch-field, 35 N. H. 271; Willey v. Portsmouth, 35 N. H. 314; Tolland v. Willington, 26 Conn., 583, and the cases therein cited; Hayden v. Attleboro, 7 Gray, Mass., 338; Palmer et als. v. Andover, 2 Cush. 600.

A public bridge is a public highway. (McPheeters v. Mera-mec Bridge Co., 28 Mo. 462.)

V. These and the preceding cases show that what is a defect is a question of fact to be found by the jury. (Merrill v. Inh. of Hamp., 26 Me. 234; Casseday v. Stockbridge, 21 Vt. 397; Commonwealth v. Cent. Bridge Station, 12 Cush. 245.)

VI. Is the County of St. Louis, as a municipal or public corporation, exempt from the present action? Formerly, undoubtedly it would have been, through the blind devotion of the courts to the case of Russell v. Inh. of Devon, 6 Durn. & East, 671; but of late years the law of corporations has been greatly modified under the decisions of our courts. Corporations no longer shield themselves from actions of tort or trespass, or from their contracts, not under seal. (City of St. Louis v. Hospital Ass'n, 15 Mo. 592.) A careful examination of the authorities which shield public corporations from actions, will be shown to rest, all of them, on a single decision, and that the case already quoted of Russell v. Inhab. of Devon. Ld. Kenyon decided that case adversely to the plaintiff, lest the principle would give rise to an infinity of actions; certainly a very flimsy reason, but principally because the county is not incorporated; and if incorporated, as the judgment would be against the corporation and not the corporators, the judgment would be fruitless, as there would be no corporate fund out of which to satisfy it.

Why, then, should the doctrine of the Men of Devon be sustained in this State? Here our counties can be sued, (§ 6, p. 503, R. C. 1855,) and may levy taxes to defray their expenses. (§ 1, p. 1349, R. C. 1855.) The doctrine that counties, as parts of the State sovereignty, can commit no laches, is exploded in this State. (St. Charles Co. v. Powell,

Reardon v. St. Louis County.

22 Mo. 527; Callaway Co. v. Nolley, 31 Mo. 393,) and very properly, as the State itself has waived this exclusiveness, (§ 9, p. 1049, R. C. 1855,) and its Constitution provides that it shall be sued. (§ 25, art. 3, p. 69 R. C. 1855.)

Our courts have sustained the decision of the Men of Devon, but have expressly saved the point involved in the present action. (Gurno v. City of St. Louis, 12 Mo. 424; Taylor v. City of St. Louis, 14 Mo. 24; Lambar v. City of St. Louis, 15 Mo. 613.)

Then that we should recover, we cite Bartlett v. Crozier, 17 Johnson, 439; City of Tallahassee v. Fortuna, 3 Flor. 25; Bacon v. City of Boston, 3 Cush. 174, which seem to be decided on common law principles and without reference to any statute; McCombs v. Akron, 15 Ohio 479, re-affirming Rhodes v. Cleveland, 10 Ohio 159—in this last case, Russell v. Men of Devon is very correctly criticised. Ross v. Madison, 1 Ind. (Carter) 281; Wayne Co. Turnp. Co. v. Berry, 5 Ind. 286; Wheeler v. Troy, 20 N. H. 77—that the remedy exists at common law and independently of the statutes. The force of this decision, however, is impaired by that of Bell v. Town of Winchester, 32 N. H. 435, and in which the principle is questioned, though the case of Wheeler v. Troy is neither quoted by counsel nor mentioned by the court, (Hutson v. City of New York, 5 Sanford, 296,) and in which the authorities are reviewed. Seagraves v. City of Alton, 13 Ills. 366; Browning v. City of Springfield, 17 Ills. 143—a very elaborate review of the cases pertinent to the question. In Commr's v. Martin, 4 Mich. 557, the principle of Russell v. Men of Devon is affirmed because the commissioners can assess only $250 for repairs; but where, as in the instance of St. Louis County, they have the power to tax for the necessary funds, the decision would not apply. (Conrad v. Village of Ithaca, 16 N. Y. 161, and cases cited in note a., containing a thorough review of the question. (Storrs v. City of Utica, 17 N. Y. 104; Mayor of Baltimore v. Marriott, 9 Md. 173—quoted also in Mayor of Baltimore v. Eschbach, 18 Md. 283; Hammer v. City of Covington, 3 Met., Ky.,

36—VOL. XXXVI.

499 ; Erie City v. Schwingle, 22 Penn., 384; Chicago City v. Robbins, 2 Black. U. S.) The case of Nebraska City v. Campbell (2 Black. U. S. 590,) is a case in point. Judge Nelson, in the decision, uses this language : "The charter vested in the city council the title to all of the streets within the corporate limits, and it is made their duty to construct and improve the same at the public expense; for this purpose and others, the council are authorized to levy a tax on all the taxable property within the city. This provision in respect to streets necessarily embraces all bridges within the limits of the city, and constituting a part of the street." This doctrine goes far beyond the principle for which we contend.

VII. Another principle we maintain, and that is that there would be no question of the law if the defendants were a turnpike company. Why, then, should the county, thus allowed to enjoy all the powers and privileges of a turnpike corporation, not be held to the same accountability; and this power to build turnpike roads and collect tolls be treated as, in this respect, one of emolument, and for which the county is to be held responsible just as any ordinary individual? (Detroit v. Correy, 9 Mich, 165.)

*S. H. Gardner*, for defendant in error.

The plaintiff's counsel has failed through the whole case to draw the proper distinction between the defendant "the County of St. Louis," and the county court of St. Louis county, and between State roads and county roads. The Bellefontaine road mentioned in the petition is a State and not a county road. (See "An act about roads in St. Louis county," Sess. Acts 1849, p. 591, §§ 2 & 3 ; also, Laws applicable to St. Louis county, p. 379, §§ 2 & 3.)

The county, as a corporation, has no control over the State roads. The county court in directing the expenditure of the road fund, is exercising its statutory jurisdiction over roads as a branch of the State judiciary. In exercising that jurisdiction, whether it does what it ought

not to do, or fails to do what it ought to do, the county can in no event be made liable, any more than it can for the acts of omission of the Circuit Court. The Legislature has seen fit to give in charge of the county courts all matters relating to guardians, minors, lunatics, idiots, insane persons, apprentices, roads, &c., and counties are not liable in damages for the action of the court in exercising its discretion in any of these matters. This doctrine was fully established in the case of Miller v. Iron County, 29 Mo. 122. The opinion of the court in that case will apply with equal force to the case at bar: where a duty judicial in its nature is imposed upon a public officer or a municipal corporation, a private action will not lie for delinquency or misconduct. (Wilson v. the Mayor of New York, 1 Den. 595–600.)

In regard to the pleadings and liabilities of officers, see Bartlett v. Crozier, 17 John. 438.

A municipal corporation is not liable for the malfeasance or non-feasance of one of its officers in respect to a duty specifically imposed by statute on the officer; otherwise if the duty is one imposed absolutely by statute on the corporation as such. (Martin v. Mayor, &c., of Brooklyn, 1 Hill, N. Y., 545–551.)

The counsel for plaintiff, in the case at bar, has failed to observe that no duty whatever is imposed upon the county—the corporation; but the duty is imposed upon, and the discretion is confided to the county court, as it might have been to the Circuit Court or Common Pleas.

The plaintiff's counsel has failed to note the distinction between a private corporation, exercising its corporate functions for the benefit of its members, and public corporations, instituted for the purpose of government. (2 Hill, S. C., 571; Am. Lea. Cs. 469; 9 Mass. 237.)

The case of Russell et al. v. the Men of Devon, 2 Durn. & East, 308, continues to be good authority to this day; and although the principles established in that case have in some instances been criticised, they have never yet been overruled by any respectable authority.

WAGNER, Judge, delivered the opinion of the court.

This is a writ of error to Circuit Court of St. Louis county, which court sustained a demurrer to the plaintiff's amended petition, and gave judgment for the defendant. The plaintiff alleged in her petition that she is the widow of Daniel Reardon, deceased; that the defendant is a corporation having charge of building, making and keeping in proper repair and condition the roads, turnpikes and public highways of St. Louis county, and particularly of a road known as the Bellefontaine road; that the defendant by various statutes is expressly authorized to levy taxes upon the inhabitants of said county of St. Louis for the purpose of keeping in repair the bridges, &c., and that at the time of the death of said Daniel Reardon was, and for a long time before had been, collecting such taxes; that on said Bellefontaine road there is a bridge across a stream known as Gingras river, and that through the neglect and default of said defendant to provide proper guards to said bridge necessary for the due protection of persons passing or travelling on and along said road, the said Daniel Reardon, when travelling on said Bellefontaine road and about to cross said bridge, at night, without any fault or negligence of his, stepped off of said bridge, and was then and there killed by the fall. The plaintiff alleged that by reason thereof she has been damaged in the sum of five thousand dollars, for which she asked judgment.

A county is a territorial subdivision, a *quasi* corporation, and is invested with corporate powers for certain purposes. The statute laws of the State establish county courts, and prescribe their powers and duties, giving to them, among other things, the control and management of the county property, the power to levy taxes to defray the *expenses of* their respective counties, and also certain specific powers in respect to opening and repairing roads and highways.

The powers of the county court, and what precise relation it bears to the county, we are to ascertain from the numerous acts which have been passed from time to time by the Legislature, conferring jurisdiction upon it. It is nowhere declared

that the county court is the general agent or representative of the county ; it is a part of the State government, with specific powers, duties and functions, generally local to the county, it is true, but derived from the State and not from the county, and subject to be altered or changed at the will of the Legislature, without regard to the will of the county. It acts independently of the county in obedience to State laws. Duties imposed upon the county court by the Legislature, it performs as acts of obedience to the Legislature directly, as a State functionary, and not as an agent of the county. It is true, it can bind the county in some contracts, subject it to some legal obligations, and appropriate its money to certain objects; but these powers it exercises by virtue of authority derived from the State Government, and in obedience to State laws.

The State Legislature has given to the county court of St. Louis county certain powers and duties in respect to roads and highways in that county, and even if we admit that the acts of the Legislature do fully impose upon the county courts the duty to construct and repair and keep in good order the bridges, and that the same acts confer upon it the means of accomplishing that duty, by the levying of taxes upon the property of the people of the county, does it then follow as a legal sequence that the county is responsible for special damages arising out of neglect in keeping a road or bridge in proper condition ? The duty is imposed not upon the county but upon the county court, nor has the county any power over districts and overseers.

By the law of England, the duty of keeping roads in repair devolved on the parishes, and this obligation was absolute and irrespective of any resources or means for that purpose ; it was founded on prescription and immemorial usage. But this never formed a part of the common law of Missouri. The law will not impose a duty where the means of performing it do not exist.

The counties, as such, have no control over the repair of roads ; they choose the county court, and there their power

ceases. The statute gives to the county court, in express terms, the care and superintendence of the highways and bridges of the county, and confers upon it all the powers requisite to the execution of the trust; and it derives all its authority, not through the county, but directly from the statute. The county has no authority to give any direction or instruction to the county court as to the proper performance of its duty.

Upon a whole view, therefore, of the plain provisions of the statute, we are led irresistibly to the conclusion that no such broad and onerous obligations rest upon the county.

But there is another consideration. The fact that no precedent exists for an action of this character, is very strong evidence that it cannot be maintained. Accidents and injuries on roads are of frequent occurrence, and it is singular if this remedy exists, that it should have remained undiscovered during the whole period of our State organization.

We have examined some of the cases referred to by the counsel for the plaintiff in error, from the New England States, and find that they have no bearing on this question, for the reason that the statutes in these States expressly pro vide that the towns shall be liable to actions at the suit of individuals for their private damages.

In Riddle v. the Prop'rs of the Locks and Canals on Merrimac River, (7 Mass. 169,) Ch. J. Parsons takes the distinction between *quasi* corporations and corporations created for the benefit of the corporators themselves, holding that the former are only liable to information or indictment for a neglect of duty, while the latter are liable to a civil action also, and cites the cases of Russell v. the Men of Devon, (2 Term. 669,) and the Mayor of Lynn v. Turner, (Cook, 86,) as authority for the distinction. And in Mower v. Leicester (9 Mass. 247) the court held that corporations created for their own benefit stood on the same ground in respect to liability as individuals; but that *quasi* corporations, created by the Legislature for purposes of public policy, are not responsible

for the neglect of duties enjoined on them unless the action is given by the statute.

We see no error in the judgment of the court below. Judgment affirmed. Judge Holmes concurs; Judge Lovelace absent.