RAY COUNTY, TO THE USE OF THE COMMON SCHOOL FUND, Appellant, *v.* SAMUEL J. BENTLEY, WILLIAM T. EASTER AND ADAM J. BARR, Respondents.

1. *County Court — School fund — Mortgage — Sale — Powers of County Court — Laches of State officers.—* Certain land was mortgaged to the county of Ray to secure a loan of school funds. The mortgagors also gave their bond with surety to secure the loan. At the mortgage sale the land was bought in by the clerk of the County Court, for a sum equal to the principal and interest of the debt. But the sale was set aside, and the same property was re-sold to the surety for an amount considerably less than that first bid. *Held:*

1. The land could not be bought in by the County Court in the name and for the use of the county. (Wagn. Stat. 1259–61, §§ 78–81, 83, 87–89.) In the care, management and control of the fund the County Court was not the agent of the county, but acted solely under and by virtue of a statutory trust devolved upon it by the Legislature for a particular purpose.

2. The surety was liable for the difference between the sums brought at the first and second sale. The officers of the County Court, in the case supposed, were the agents of the State, and the State was not liable for losses resulting through the acts or neglects of its officers. (Marion County v. Moffet, 15 Mo. 604; Park v. State, 7 Mo. 194.)

2. *Counties, powers of.—* In the employment of agents, counties have not even the powers conferred on ordinary corporations. They are merely *quasi* corporations, political divisions of the State, and they act in subordination to, and as auxiliary to, the State government.

3. *County Courts — School fund — Mortgage — Security — Sale, etc.—* Where there is danger that real estate, mortgaged to a county to secure the loan of school funds, may decrease in value, it is the duty of the county, if deemed advisable, to demand additional security, and, in case of failure to furnish the same, to order an immediate sale of the property.

*Appeal from Lafayette Court of Common Pleas.*

*Geo. W. Dunn, John W. Shortwell,* and *J. W. & J. E. Black,* for appellant.

I. Ray county is a public corporation, and possesses no other powers than those defined in the law. (Ang. & Ames Corp. 9, § 14; *id.* 19, § 23; *id.* 20, § 24.)

II. The power of Ray county to act as trustee of the school funds of said county is created by statute, and her duties are distinctly defined therein and cannot be exceeded. (Wagn. Stat. 868, § 8; *id.* 870, §§ 18–20; *id.* 1261, § 90; *id.* 1259,

Ray County, to the use of the Common School Fund, v. Bentley et al.

§§ 79–83, 86–7; Hann. & St. Jo. R.R. Co. v. Marion County, 36 Mo. 294 ; Copp v. St. Louis County, 36 Mo. 383.)

III. Ray county is not authorized by law to purchase real estate for the protection of the school fund, and her power to purchase property is clearly defined and cannot be extended by implication. (Wagn. Stat. 403, §§ 7–9 ; *id.* 406, §§ 27–31 ; Chambers *et al.* v. City of St. Louis, 29 Mo. 543 ; 2 Kent's Com. 279–80 ; Ang. & Ames Corp., § 111.)

IV. The purchase by Ray county, of mortgaged premises for the benefit of the school fund of said county, was null and void, did not operate as a payment of the bonds sued on, and was properly set aside by the County Court. (44 Mo. 547; Jackson· v. Hartwell, 8 Johns. 422.·)

V. The management of the school fund by Ray county is for the public good, and appellant is not liable in any manner for the conduct of her agents. (Murtaugh v. The City of St. Louis, 44 Mo. 479, and cases therein referred to.)

VI. Laches do not attach to Ray county in the management of the school fund of said county, and the liability of the surety is in no manner affected or changed by reason of depreciation or damage to mortgaged premises. (7 Mo. 194 ; 15 Mo. 604.)

*H. B. Johnson*, for appellant.

I. Counties can exercise no powers except such as are expressly or impliedly delegated to them by the legislative power of the State. (Barton County v. Walser, 47 Mo. 189 ; Booth v. Town of Woodbury, 22 Conn. 118 ; Alley v. Inhabitants, etc., 53 Me. 446.) They take no powers by implication except those necessary to carry out those expressly granted. (Leavenworth v. Norton, 1 Kan. 432 ; Parker v. Baker, 1 Clark's Ch. 223 ; Kyle v. Malin, 8 Ind. 34 ; *Ex parte* Bennett, 30 Ala. 461 ; Hooper v. Emory, 14 Me. 375.) They are mere *quasi* corporations invested with corporate powers *sub modo*, and for a few specified purposes, but deficient in many of the powers incident to the general character of corporations. (Goodnow v. Commissioners, etc., 11 Minn. 31 ; Louisville, etc., R.R. Co. v. County Court, etc., 1 Sweed, 637.)

Ray County, to the use of the Common School Fund, v. Bentley et al.

II. The power to purchase land, as is alleged to have been done by the county of Ray, is nowhere expressly granted, and cannot be implied as incident to the power to sell. (Chambers v. City of St. Louis, 29 Mo. 543; Russell v. Topping, 5 McLean, 194; Jackson v. Hartwell, 8 Johns. 422.) And a corporation cannot by a subsequent ratification make good the act of an agent which it has no authority to authorize to be done. (Downing v. Mount Washington R.R. Co., 40 N. H. 230; Hodges v. City of Buffalo, 3 Denio, 110.)

III. The management of the school fund by the counties is for the public good, and they are not liable for the nonfeasance or malfeasance of its officers and servants. (Murtaugh v. The City of St. Louis, 44 Mo. 79.)

IV. The County Courts, in the management of the school fund, do not represent the county, but are the agents of the State. (Marion County v. Moffett, 15 Mo. 604.) And any act done by the agent in excess of his authority cannot bind the principal.

V. Neither a failure on the part of the County Court to take real estate security, nor the permitting such real estate, if taken as security, to be depreciated in value, will release the personal security. The State is not affected by the laches of her agents. (Marion County v. Moffett, *supra*; United States v. Kirkpatrick, 9 Wheat. 720; United States v. Vanzandt, 11 Wheat. 184.)

*Wallace & Mitchell*, and *Doniphan & Garner*, for respondents.

I. Ray county is a *quasi* corporation, and has not only the powers expressly granted, but such as are necessary to carry out the granted powers. (Ang. & Ames Corp. 163, § 173; 2 Kent's Com. 277-9; Hann. & St. Jo. R.R. Co. v. Marion County, 36 Mo. 294, 303-4.) The County Court is the agent of Ray county, and all the acts of the agent within the scope of its authority, express or implied, are binding on the county; and the purchase, by the clerk, of the mortgaged property was binding on the county and the court. (33 Mo. 361; 29 Mo. 71; 28 Mo. 589; Ang. & Ames Corp., § 160.)

II. By virtue of "the care and management" of the school

funds imposed on them by law, and from the whole tenor of the school statute, Ray County Court became trustees of the county school fund, and were bound to use all lawful means to collect and restore amounts owing to that fund. Hence they are authorized, if necessary in their judgment to secure the funds and prevent the loss and sacrifice of real estate on which they are secured, to buy in the lands in trust for the county. (Hann. & St. Jo. R.R. Co. v. Marion County, *supra ;* Chambers v. City of St. Louis, 29 Mo. 576 ; Ang. & Ames Corp., § 156 ; 2 Kent's Com. 280 ; 12 Mass. 546.)

III. The County Court of Ray county having ordered the sale of said property under said mortgage, and having caused the same to be bid off for the county, at the full amount of the debt secured by the mortgage, with interests and costs, thereby elected to take the mortgaged property for the debt, and the mortgage was thereby satisfied, both at law and in equity ; and it was the duty of the County Court to have required of the sheriff a deed for said lands to the county, for the use of the respective townships whose school funds were secured by the mortgage. And the order of the County Court purporting to set aside the sale, and assuming to order a re-sale under the mortgage, was a nullity.

IV. By the act of the Ray County Court, acting for the county, in assuming to set aside the sale to the county and ordering a re-sale of the premises, defendant Barr, as surety for the mortgage debt, was prejudiced, both by the continued waste and depreciation in the value of the mortgaged premises, to the full benefits of which he was entitled, and by the additional interest accruing on said mortgage debt between the first and second sale ; his hands were tied, and his right of action against the principal debtors suspended, whereby he was released and discharged from liability for said debt, even if such mortgage is considered as remaining in force. (McCune v. Belt *et al.,* 38 Mo. 281, 292, and cases cited ; *id.* 293 ; Ferguson v. Turner, 7 Mo. 497; Taylor v. Jeter, 23 Mo. 244, 250 ; Bank of Steubenville v. Leavitt & Carroll, 2 Am. Lead. Cas. 376 ; 1 Sto. Eq., § 327 *et seq.* ; see also Rice v. Newton, 19 Mo. 363.)

WAGNER, Judge, delivered the opinion of the court.

The material question that arises in this case regards the action of the court in sustaining the motion to strike out the replication. It appears from the record that Bently and Easter as principals, and Barr as surety, executed to the county of Ray their bond in consideration of a loan of school money. Bently and Easter also made and executed a mortgage on real estate, with the usual statutory power of sale, to secure the payment of the debt. Default being made in the payment of the principal and interest, the County Court of Ray county ordered the mortgaged premises to be sold, and, when the same was put up, authorized the county clerk to bid thereon.

The clerk bid the amount of the principal and the interest on the debt, and the property was struck off to him for the county on whose behalf he assumed to act. Immediately afterward the court, being of the opinion that it had no power to purchase the property in the name of the county, set aside the order of sale, and ordered the sheriff to proceed and re-sell.

At the second sale, Barr, the surety, bid in the property at a price considerably less than the amount of the debt and interest, and this action was brought to recover the residue.

The answer of the defendants stated that the property was sold, and that the plaintiff bid in the same for the full amount of the principal and interest, and alleged that that was a complete satisfaction of the debt.

The replication averred as new matter the proceedings of the County Court in setting aside the first sale, the re-sale by the sheriff and the purchase by Barr, when the property was re-sold. This replication, on motion, was stricken out.

The essential question raised by the replication, and which must be determined in this case, is whether the court possessed the power to buy in the land in the name of and for the use of the county. The money for which the debt was contracted and the mortgage was made belonged to the school fund, and was not the property of the county.

The statute provides that the County Courts, respectively, shall

have the care and management of the school funds of the several townships within their jurisdiction, and that they shall cause accounts thereof to be stated and kept, so as to exhibit the funds of each township separately and the disposition thereof.    Provision is also made for loaning out the school fund, and it is required that its payment shall be secured by the borrower giving a mortgage on unencumbered real estate, with a bond and additional personal security.    The mortgage taken must be in the ordinary form of a conveyance in fee, and must recite the bond, and contain the condition that if default shall be made in the payment of the principal or interest, or any part thereof, at the time when they shall severally become due and payable, then the sheriff of the county, upon giving notice, may proceed without suit to sell the mortgaged premises or any part thereof, to satisfy the principal and interest, and make an absolute conveyance thereof in fee to the purchaser, which shall be as effectual, to all intents and purposes, as if such sale and conveyance were made by virtue of a judgment of a court of competent jurisdiction foreclosing the mortgage.    Whenever the principal and interest, or any part thereof, secured by mortgage containing a power to sell, shall become due and payable, the County Court has power to make an order to the sheriff, reciting the debt and interest to be received, and commanding him to levy the same, with costs, upon the property conveyed by the mortgagor, which shall be described as in the mortgage; and a copy of such order, duly certified, being delivered to the sheriff, shall have the effect of a *fieri facias* on a judgment of foreclosure by the Circuit Court, and shall be proceeded with accordingly.    Where the money is collected it is to be paid into the county treasury, and it is the duty of the treasurer to give duplicate receipts therefor, one of which is required to be given to the clerk of the County Court, whose duty it is to file and preserve the same in his office, charge the treasurer with the amount, and credit the payment to the party on whose account it is made on his bond and mortgage. (2 Wagn. Stat. 1259–61, §§ 79, 81, 83, 87–9.)

In all cases of loan the bond is made payable to the county for the use of the township to which the fund belongs.    (*Id.,*

16—VOL. XLIX.

§ 82.)   The county is not the owner of the fund ; the title is simply vested in it as trustee, for convenience, to carry out the policy devised by the law-making power for the appropriation and distribution of the fund.   In the care, management and control of the fund, the County Court acts purely in an administrative capacity, not as the agent of the county, but in the performance of a duty specifically devolved upon it by the laws of the State.   There is nothing judicial in the exercise of its functions in this respect.   The County Court does not derive its powers from the county, and it can exercise only such powers as the Legislature may choose to invest it with.   Whatever jurisdiction is conferred upon it is wholly statutory.   It acts directly in obedience to State laws, independently of the county.   Where it acts for and binds the county, it exercises its authority by virtue of power derived from the State government, and it obtains authority from no other source.   (Reardon v. St. Louis County, 36 Mo. 555.)

The principle is well settled that a corporation can exercise only such powers and employ such agencies as its charter may permit.   But counties have not the powers of corporations in general.   They are merely *quasi* corporations, political divisions of the State, and they act in subordination to and as auxiliary to the State government.   (Hann. & St. Jo. R.R. Co. v. Marion County, 36 Mo. 303 ; State v. St. Louis County Court, 34 Mo. 546 ; Barton County v. Walser, 47 Mo. 189.)   They have no power to purchase land or hold the same unless it is given to them by statute.   Nor have they authority to assume the exercise of this right, in a case like this, by implication.   For obvious reasons the law never intended that the County Court should buy in real estate for the county to satisfy a school debt.

The county is not the creditor, and it has no right to bid in the property and undertake to manage it for the benefit of the school fund.   The County Court is not a fit or appropriate body to deal as a real estate agent, and whenever the principle is established the school fund will inevitably suffer.

There is no force in the argument so strenuously advanced, that if this power of purchasing real estate is denied to the County

Court, debts will be lost by reason of the mortgaged property in some cases decreasing as a security or selling for less than its value, and by that reason failing to satisfy the encumbrance. The answer to this is that if the courts do their duty as the law directs and contemplates, such a contingency cannot happen. The statute gives the County Court power to examine into the solvency of the debtors, and require additional security to be given on the bond when deemed necessary for the better preservation of the fund. If the additional security is not given, then proceedings for sale should be instituted at once. If the court faithfully performs its duty, there is little danger of any loss happening. From what has already been said, it necessarily follows that the County Court had no warrant for authorizing its clerk to bid in the property, and that the county was entirely incapable of taking it by purchase. Such being the case, the first sale was simply a nullity, and the property was rightly put up and sold a second time. The court below, therefore, erred in striking out the replication.

But it is contended further that Barr, the surety, is released because he has suffered injury by the action of the County Court in bidding in the property; that during the time intervening between the first and second sale the property decreased in value and greatly deteriorated. The established rule, that a surety will be discharged whenever the creditor commits acts which operate to his injury or disadvantage, cannot apply in this case.

In Marion County v. Moffett, 15 Mo. 604, it was held that the failure of the County Court to take a mortgage in fee on real estate free from all liens and encumbrances, to secure the payment of school money loaned, as required by the statute, did not discharge the surety. It was said in that case: "The school lands were vested in the State, in trust for the benefit of the inhabitants of the township in which they are respectively situated. The State vested in the County Courts the management of this trust. Those courts are the agents of the State for this purpose." The principle that the State is not affected by the laches of her agents was sanctioned by this court in the case of Parker v. State, 7 Mo. 194. So in the case of a corporation, where the acts or omissions

from which injury results are done or omitted in the exercise of a corporate franchise conferred upon the corporation for the public good, and not for private corporate advantage, the corporation is not liable for the consequences of such acts or omissions on the part of its officers and servants. (Murtaugh v. City of St. Louis, 44 Mo. 479.) The County Courts are intrusted with the management and care of the school fund for the public good, and not for any private gain that will accrue to either them or the counties. The State can only act through her officers, and great losses would result if it should be maintained that she was liable for the negligence or omissions of those to whom she is compelled to confide the management of her pecuniary concerns.

With the concurrence of the other judges, the judgment will be reversed and the cause remanded.