———O———

Township Board of Education of Township 36, Range 2 East, Plaintiff in Error, *vs.* Frank K. Boyd, *et al.*, Justices of Washington County Court, Defendants in Error.

1. *County Court—Agency as to matters of county and State—Township school fund—Remedy for misappropriations.*—The County Court is a trustee for the care and management of the township school funds. In this capacity it may, under certain circumstances, pay out money for which the township fund is manifestly liable, in order to avoid the expense of litigation. But if it err in so doing, the case is one of misappropriation by a trustee, for which the law has provided sufficient remedies, other than mandamus.

2. *Courts, County—Agency for State—Misappropriation—Responsibility.*—The County Court is also agent or trustee of the State for certain purposes in the general affairs of the county. The two agencies are distinct and independent, and there is no propriety in holding one agency, or the principal therein, responsible for a misappropriation committed in discharging the functions of the other.

3. *School funds—Misappropriation—Responsibility of county.*—If township school money be wrongfully paid out by the County Court, there does not arise any claim for re-imbursement out of the county treasury.

4. *Court, County, not a corporation—Misappropriation of school funds—Responsibility—Mandamus.*—A County Court is not a corporation capable of incurring a liability for misappropriation. Nor is mandamus admissible for enforcing a money demand founded upon alleged misappropriation of township school funds.

### *Error to Washington Circuit Court.*

*Pipkin*, for Plaintiff in Error.

I. The duty of the County Court to pay over township school funds into the county treasury is ministerial, devolving upon them by operation of law ; and imperative, and no element of discretion can enter into its performance, and .mandamus is a proper remedy. (High .Mand., § 230, p. 177.; Butler vs. Chariton County Court, 13 Mo., 112 ; Veal vs. Chariton County Court, 15 Mo., 412 ; Marion Co. vs. Moffet, adm'r, '15 Mo., 604 ; Ray County vs. Bently, 49 Mo., 236 ; People vs. Corp. of Brooklyn, 1 Wend., 318.) And this is true, notwithstanding the existence of other remedies. (High Mand., § 17, p. 19 ; Etheridge vs. Hall, 7 Port., 47 ; *In re* Trustees of Williamsburg, 1 Barb., 34 ; LaGrange vs. State Treasurer, 24 Mich., 468.)

*Reynolds & Relfe*, for Defendants in Error.

I. Mandamus cannot be used to compel an inferior court to render up a particular judgment. It is not the appropriate remedy. (State, *ex rel.* Sparks vs. Wilson, 49 Mo., 146 ; Trainer vs. Porter, 45 Mo., 336, and authorities ; High Extra. Leg. Rem., § 149.)

LEWIS, Judge, delivered the opinion of the court.

In 1866, Robert N. and William C. Martin became purchasers, in the usual manner, of the school section in- township 36, range 2, east, giving their note with personal security to Washington County, for the use of the inhabitants of the township. In May, 1868, the note remaining unpaid, the

County Court required additional security, which was not given. A second order being made, also without effect, the court directed suit upon the note with an application for injunction against the makers to prevent their committing waste upon the land. The injunction bond was executed by F. K. Boyd and J. B. Johnson, two of the justices of the County Court, with other parties. Upon dissolution of the injunction, the Martins obtained a judgment for damages against the obligors, in the sum of $563.08, including costs. This judgment being paid and satisfied by Justice Boyd, the County Court subsequently, by order on the county treasurer, re-imbursed him out of the funds pertaining to the school township. The relators, constituting the board of education, thereupon demanded of the court an order directing the treasurer to re-imburse to their township out of the county treasury, the sum so paid to Boyd. The court refused to make such an order, and this proceeding by mandamus was instituted to compel it. The defendant's return upon the alternative writ set out substantially the above facts, and the relators filed a motion to strike out the return for insufficiency in the facts stated, and for a peremptory mandamus. The court below overruled the motion, and, in the same entry, denied the prayer for mandamus. The relators insist here upon their right to the writ.

The defendants in error call our attention to several imperfections in the bill of exceptions, some of which embody at least a departure from wholesome precedent. But, as our views upon the merits of the relator's application may more effectually prevent further litigation on the subject, it seems best to avoid disposing of the case upon purely technical grounds.

The County Court was a trustee for the "care and management" of the school fund of the township. In this capacity, and in the exercise—for aught that appears to the contrary—of its soundest judgment and discretion, it instituted certain injunction proceedings for the protection of the fund. The law required personal security for the purpose, which

was given. A judgment against the surety following, which judgment he was bound to pay, and did pay, it would be strange if the law should refuse to indemnify him from the interest which his suretyship had so served at a sacrifice. We are not called upon to decide that Boyd could have sued and recovered his money back from the township fund. But it is sufficient to perceive that the County Court may well have believed so, and that, as guardian of the fund, its duty was to avoid the expense of useless litigation by paying the demand without it. If the court did wrong in this, there was, at the utmost, only a case of misappropriation by a trustee.

The County Court was, at the same time, a trustee or agent of the State for certain well defined purposes, in the affairs of Washington County. The two charges it held were as distinct and separable as two agencies of different mercantile firms can be held in one man. That this controlling fact appears to have escaped attention, is not a little remarkable, after the clear expositions by this court, in several cases, of the relations held by the County Courts to the counties and the school townships respectively. (Reardon vs. St. Louis Co., 36 Mo., 555 ; Ray County vs. Bently, 49 Mo., 236.)

The court, in its management of the township fund, does not represent the county, nor has the county, as such, any voice, right, or responsibility in the matter. To hold the county answerable from its treasury for a misappropriation by the township's trustee, because the county's financial affairs happen to be managed by the same party, would be anomalous, to say the least. As well might an insurance company be held liable upon a risk it had never taken, on the ground that its agent was also agent of another company which had issued the policy.

These considerations, even if they accomplish nothing more, may serve to show that the relators have mistaken their remedy; which is as much as this opinion need undertake to settle. They show that, if the relators have any right which ought to be enforced, it is in the shape of a common law demand against somebody for a misappropriation of their money

by the party having it in lawful charge for specific purposes. It cannot be a demand against the County Court; for that is not a corporation capable of incurring such a liability. If it is one against Washington County or against the justices personally, the law provides ample means for its enforcement, of which mandamus is not one. Nor is the alleged claim of relators to a re-imbursement, from the county treasury, a clear and unquestionable one, which the law has specifically defined, or which has been determined by an adjudication. It is at least open to grave doubts, which the unreasoning procedure by mandamus is unfitted to solve.

Because the remedy sought was not applicable to the case presented, the judgment below is affirmed, with the concurrence of the other judges.