————o————

WASHINGTON COUNTY TO USE OF SCHOOL FUND OF TOWNSHIP 36, RANGE 2 EAST, Plaintiff in Error, *vs.* FRANK BOYD, *et al.*, Defendants in Error.

1. *County court—School lands, purchase of—Injunction against purchaser— Recovery against members of county court on injunction bond—Reimbursement of sum recovered, etc.*—Where prior to the payment of the purchase money for sixteenth section school land, injunction suit is brought in good faith, on behalf of the county, against the purchaser, to stay waste, certain members of the county court executing the injunction bond, those officers will be entitled to reimbursement out of the purchase money, when paid by the vendee of the land into the township fund, for any sum which may have been recovered from them on this bond on dissolution of the injunction. In the bringing of said suit and the execution of such bond, members of the county court act not judicially but ministerially, and as agents of the State for the benefit of the township, and are justified, taking the same measures to protect the property of the State as though it were their own.

And although the money is paid over under order of the county court a majority of which are makers of the bond and distributees of the fund, the issuance of the order is not a judicial proceeding but a purely ministerial act, and at worst merely informal and will not be abrogated unless shown to have been made corruptly.

*Error to Washington County Circuit Court.*

*Philip Pipkin,* for Plaintiff in Error.

I. ·The county court is one of limited jurisdiction, and anything done outside or in excess of the delegated authority is *coram non judice* and void. (Jefferson Co. vs. Cowan, 54 Mo. 234 ; Schell vs. Leland, 45 Mo. 289 ; Smith vs. Howarth, 53 Mo. 88 ; Miller vs. Seare, 2 Wm. Blacks. 1145 ; Watson vs. Bodell, 14 Mees. & W. 56 ; Houldon vs. Smith, 14 Q. B. 841 ; People vs. Stocking, 50 Barb. 573 ; 1 Barnw. & Cr. 169 ; Ray Co. vs.

Bentley, 49 Mo. 236 ; Marion Co. vs. Moffett, 15 Mo. 604 ; Wagn. Stat. 860, §§ 6, 12 ; id. 884, §§ 30, 31 ; id. 1269, §§ 85–7 ; 2 Johns. Cases 49 ; 1 Stra. 710 ; 2 Black. 1035 ; Cowp. 640 ; 2 Wils. 385 ; Veal vs. Chariton Co., Ct. 15 Mo. 412 ; Butler vs. Chariton Co. Ct. 13 Mo. 112.

The petition charges that the county court had no jurisdiction to order an injunction suit to be brought against Martin and others, to stop them from trespassing upon and wasting the timber on said sixteenth section. There is no law authorizing such a proceeding ; but on the contrary, ample means were provided by §§ 30, 31, 32, 33, or 34, (Wagn. Stat., 864,) for the recovery of the damages, the prevention of the trespass, etc.

II. Certainly the county court had no authority for taking $563 out of a fund which the laws, and the courts, have always held to be a sacred, perpetual fund.

III. In this case the two judges Boyd and Johnson—a majority of the court—sat as judges in their own case where they were directly interested. This is forbidden (Wagn. Stat. 441, § 13), and for this reason, if for no other, the action of the court was *coram non judice* and void, outside of their jurisdiction, and upon the authorities above quoted they are liable.

*W. S. Relfe*, for Defendants in Error.

It is well settled by the authorities, as well as by statute, that the school funds arising from sales of sixteenth sections are the property of the State, held in trust for the use and benefit of the public schools, and the control thereof delegated to the county courts ; and that the people of the townships are the passive recipients of this bounty with no voice as to its control. (Cedar County vs. Johnson, *et al.*, 50 Mo. 226 ; Township Board of Education vs. Boyd, *et al.*, 58 Mo. 276 ; Ray Co. vs. Bently, 49 Mo. 236 ; Reardon vs. St. Louis Co., 36 Mo. 555.)

Thus the county court has a broad, discretionary, and exclusive control which cannot be interfered with ; and so far as the court exercises its judgment and discretion *bona fide* in the case and management of this trust, it is not responsible for results.

In this case the security on Martin's bond had failed, and after repeated notifications they had refused, to give additional security and were working a wholesale destruction of the timber—the the only value the land had. The Martins were reported insolvent, and hence the injunction proceedings. Boyd was one of the sureties on the injunction bond and was compelled to pay it. The court afterward collected $5,446.06, on the Martin bond, the proceeds of sale, and reimbursed Boyd out of it. Surely he was entitled to be indemnified. There is no distinction between their appropriation and payment of this debt from the proceeds of that sale, and their payments of the officers' fees out of it.

In allowing Boyd's claim out of this fund the court acted judicially, and their action, even if erroneous, cannot be questioned by a suit against them personally. There is no corrupt purpose alleged in the petition, nor could any be inferred from its allegations, but to the contrary. (See Schottgen vs. Wilson, 48 Mo. 257, and authorities cited ; 1 Denio, 559, cited in Reed vs. Conway, 20 Mo. 52, with kindred authorities ; also, see Pike vs. Megoun, 44 Mo. 491, and 21 Pick. 270, a case in point, cited approvingly in 23 Mo. 529 ; see 45 Mo. 52 as to what is judicial or otherwise ; see generally, 21 Pick. 270 ; Marion Co. vs. Moffett, 15 Mo. 606 ; Ray Co. vs. Bently, 49 Mo. 236 ; Tn. Bd. Ed. 36, R. 2 E. vs. Boyd, et al., 58 Mo. 276 ; Cedar County vs. Johnson, 50 Mo. 227.)

HENRY, Judge, delivered the opinion of the court.

In November, 1868, and for a long time prior thereto, the defendants were justices of the county court of Washington county. Robert N. and William C. Martin had purchased the sixteenth section of township 36, range 2 east, for which they had with sureties executed their bond to the county for about five thousand dollars ; and at the November term, 1868, of said county court, an order was made by said court directing a suit to be instituted in behalf of said county to the use of said township against said Robert N. and William C. Martin and others, to enjoin them from cutting and wasting the timber on said land.

The defendants, Boyd and Johnson, with D. E. Perryman and Harvey S. Hutchinson, in behalf of said county for the benefit of said township, executed the bond required by the statute in such cases, and at the April term of the circuit court of Washington county the injunction was by the court dissolved, and damages assessed against the makers of said bond at five hundred dollars, and judgment rendered against them for that sum and $63.08 costs, which was paid by defendant Boyd. At the November term, 1870, of said county court, the purchase money for said land, $5,446.90, having been paid, the court made an order upon the treasurer of said county to pay to said Boyd, out of the purchase money so received, $563.08 so paid by him on said judgment, and this suit is brought to recover the money so paid to Boyd from the defendants, the members of said county court.

The petition substantially states the foregoing facts, and charges that the order upon the treasurer was wilfully, illegally and knowingly made.

There was a demurrer to the petition, which, being sustained, plaintiff has brought the case here by writ of error.

There is no fraud alleged against the defendant, nor is there any allegation that the suit instituted against the Martins was recklessly undertaken, or that it was productive of no good results to the township for whose benefit it was commenced; and the only question presented by the record for consideration, necessary to notice, is the legality of the action of the court in reimbursing Boyd out of the funds of the township.

The principal proposition discussed in the appellant's brief is, that the county court is a court of limited jurisdiction and anything done in excess of its jurisdiction is *coram non judice* and void.

We may admit the general proposition, but insist that it has no application to this case.

It has been repeatedly held by this court, that there is nothing judicial in the functions exercised by the court in regard to these school lands. (Ray Co. to use, &c. vs. Bently, *et al.*, 49 Mo., 236; Town Board of Education, etc. vs. Boyd, *et al.*, 58

Mo. 279; Cedar Co. vs. Johnson, *et al.*, 50 Mo. 227; Marion Co. vs. Moffet, 15 Mo. 406.)

In the case in 15 Mo. *supra*, Judge Scott said, "The school lands were vested in the State in trust for the benefit of the inhabitants of the township in which they are respectively situated. The State vested in the county court the management of this trust. Those courts are the agents of the State for this purpose." Bliss, J. in Cedar Co. vs. Johnson *et al.* said: The county court, it is true, has the custody of these school funds, yet not for the county, but for the people of these several districts. The court is so far not a county agent, etc."

In 49 Mo. 336, Wagner, Judge, said: "In the management and control of the fund the county court acts purely in an administrative capacity, not as the agent of the county, but in performance of a duty specially devolved upon it by the laws of the State. There is nothing judicial in the exercise of its functions in this respect."

It will be observed that in all these cases the county court is spoken of as an agent. Scott, J. says; "The courts are the agents of the State for this purpose." Bliss, J. says; "The court is so far not a county agent." Wagner, J.: "The court acts not as the agent of the county." It does not act judicially in the management of these school funds, but ministerially, and in the character of an agent for the State.

It is authorized to sell the lands, to lease them, to receive and sue for the purchase money, and if there be danger of loss of a debt contracted for the purchase of these lands, the court, we think, might resort to those extraordinary remedies provided for creditors generally. It might sue by attachment, and, if the purchaser is stripping the land of its timber, and thereby endangering the security for the debt, must the agent of the State stand by and witness this spoliation, and trust to the criminal law to idemnify the township by the fine imposed against persons committing waste on such lands? Five hundred dollars is the extreme penalty, while the timber destroyed might be worth five times that amount. As careful and honest agents they will guard the interests of their principal as if the property were their own, and

as long as they are actuated by an honest purpose to subserve that interest, to hold that they must answer, out of their own means, for any costs or expenses honestly incurred in the endeavor to protect that interest, would tend far more to jeopardize these funds than to hold them entitled to remuneration for such outlays when they have been judiciously and honestly made.

The Township Board of Education, etc., vs. Boyd, *et al.* (58 Mo. 279) was this identical case in another form. It was a proceeding by mandamus to compel the county court of Washington county, by an order on her treasurer, to reimburse township No. 36, range 2 east, for the money paid to defendant in this case, Boyd. The peremptory writ was refused. Judge Lewis, who delivered the opinion of the court, held the following language pertinent to the question we are considering:

" The county court was a trustee for the 'care and management' of the school fund of the township. In this capacity, and in the exercise, for aught that appears to the contrary, of its soundest judgment and discretion, it instituted certain injunction proceedings for the protection of the fund. The law required personal security for the purpose, which was given. A judgment against the surety following, which he was bound to pay and did pay, it would be strange if the law should refuse to idemnify him from the interest which his suretyship had so served at a sacrifice."

It is urged that two of the defendants, Boyd and Johnson, were a majority of the court and sat as judges in their own case in making the order.

It was not a judicial proceeding but a ministerial act, and if not prompted by corruption, which is not charged, but made in good faith to reimburse Boyd for money judiciously and honestly expended for the benefit of the school fund, it should be replaced.

Admitting that he was entitled to be reimbursed, how else could it have been accomplished? And if the order were irregular, yet if it be admitted that Boyd was entitled to the money, shall it be recovered back in this suit for a mere informality, when he could immediately sue for and recover it from the township with interest and costs?

The simple question is, has Boyd received money from that fund to which in equity and good conscience he is not entitled?

From the record we think that he was clearly entitled to indemnity for what he had paid out, and the judgment is affirmed with the concurrence of all the court except Judge Sherwood who dissents.