LINCOLN COUNTY, to use of SCHOOL TOWNSHIP No. 48, etc., Plaintiff in Error, v. JAMES M. McLELLAN, Administrator, etc., of DAVID BAILY, deceased, *et al.*, Defendants in Error.

### February 6, 1877.

Section 57, p. 160, of the Acts of 1874, does not deprive a county, as mortgagee, of the right of foreclosure given all mortgagees, under section 1, p. 953, Wagner's Statutes.

ERROR to Lincoln County Circuit Court.

*Reversed and remanded.*

*Dryden & Dryden,* with *W. C. McFarland,* for plaintiff in error, cited: Rev. Laws 1855, ch. 143, art. 2; Rev. Laws 1825, p. 593, sec. 1; Rev. Laws 1835, p. 409, sec. 1; Rev. Laws 1845, p. 749, sec. 1; Rev. Laws 1855, p. 1087, sec. 1; Wag. Stat. 953, sec. 1; The State *ex rel. v.* St. Louis County Court, 38 Mo. 403.

*Martin & Lackland,* for defendants in error, cited: Ray County *v.* Bentley, 49 Mo. 236; Holt County *v.* Harmon, 59 Mo. 165; Sess. Acts 1874, p. 161.

BAKEWELL, J., delivered the opinion of the court.

This is a proceeding to foreclose a mortgage on real estate, given by Baily, the intestate of defendant McLellan, to secure the payment of three bonds made by Baily in 1863, by which he promised to pay plaintiff, to the use of township 48, range 2 west, certain sums of money. The petition alleges that defendant Magruder is alleged to be

in possession of the mortgaged premises, and that the other co-defendants of McLellan claim to be the owners of the equity of redemption. Payment of part of the debt is alleged, and the petition prays judgment for the remainder unpaid, and for foreclosure of the equity of redemption and for sale of the mortgaged premises.

No objection is taken to the form of the petition, which seems to contain every necessary allegation. But defendant Magruder, who alone appears, demurred to the petition, on the ground that the law in reference to the foreclosure of mortgages given to the county for school money points out the manner in which such foreclosures shall be made, and gives the County Court sole jurisdiction in such cases.

The demurrer was sustained, and, plaintiff declining further to plead, there was judgment for defendants.

The law provides (Acts 1874, p. 160, sec. 57) that, whenever the amount of a loan of school funds, secured by mortgage containing a power to sell, shall become due, the County Court may make an order on the sheriff to levy the same, with costs, on the property described in the mortgage, a copy of which order, duly certified and delivered to the sheriff, shall have the effect of a *fieri facias* on a judgment of foreclosure by the Circuit Court; but our attention is not called to any provision of law, and we are not aware of any, which takes away the jurisdiction of the Circuit Court, or deprives plaintiff in this case of the right given to all mortgagees to file a petition for foreclosure in the Circuit Court against the mortgageor and the tenants of real estate described in a mortgage. Wag. Stat. 953, sec. 1.

We are told that the county is not the owner of the fund, which is certainly true, and, as certainly, immaterial. " The title to the fund is vested in the county as trustee," however, "for convenience, to carry out the policy devised by the law-making power for the appropriation and distribution," and, when necessary, of course, the collection, of the fund. *Ray County* v. *Bentley*, 49 Mo. 242.

We think the Circuit Court erred in sustaining the demurrer of defendant Magruder, and the judgment of the Circuit Court is reversed and the cause remanded.    All the judges concur.