EDWARDS, *Appellant*, v. NEWTON COUNTY.

**The Probate and Common Pleas Court of Newton County;**
JUDGE'S SALARY. Upon a review of the constitutional provisions
and the acts of the legislature affecting the court of probate and
common pleas of Newton county, this court holds that the result of
section 3 of the schedule to the constitution of 1875 and the act of
April 9th, 1877, (Sess. Acts, p. 111,) was to continue the probate
jurisdiction of that court till the 1st day of January, 1879, and to
extend the term of office of the judge to the same time, or two
years beyond that for which he was elected; that the effect of sec-
tion 5 of the schedule was to take away the common pleas jurisdic-
tion of the court after the 1st day of January, 1877, but not to abol-
ish the court itself; and that the judge, notwithstanding this cur-
tailment of jurisdiction was entitled to draw salary during the years
1877 and 1878, at the same rate as before.

*Appeal from Newton Circuit Court.*—HON. JOSEPH CRAVENS,
Judge.

REVERSED.

*Geo. Hubbert* and *C. W. Thrasher* for appellant.

HOUGH, J.—By an act of the legislature passed April
5th, 1872, there was established in the county of Newton
a court of record styled "The Court of Probate and Com-
mon Pleas of Newton County." Said court was invested
with jurisdiction of all probate business, and a limited ju-
risdiction of certain civil actions designated in the act.
Four terms were required to be held annually for the trans-
action of probate business, and four terms annually for the
transaction of ordinary civil business. Sess. Acts 1872, p.
295. By an act passed March 3rd, 1874, it was provided
that the judge of "The Court of Probate and Common
Pleas of Newton County," should, in addition to certain
fees, receive an annual salary of $400, payable quarterly
out of the county treasury of the county of Newton. Acts
1874, p. 287. By section 3 of the schedule to the constitu-
tion of 1875, all probate courts, as then constituted and

organized, were continued in existence with the jurisdiction they then possessed, until the general assembly should by law conform them, in their organization, to the requirements of the constitution ; and by section 5 of said schedule, all courts of common pleas, other than those presided over by a circuit judge in cities and towns having a population exceeding 3,500 inhabitants, were continued in existence, until the expiration of the. terms of office of the several judges thereof in office at the adoption of said constitution. The appellant was elected judge of "The Court of Probate and Common Pleas of Newton County," at the general election in 1872, and his term of office as judge of said court, expired according to the law under which he was elected January 1st, 1877 ; and the question we are called upon to determine is, whether, after that time the appellant was entitled to the salary provided by the act of 1874.

The first act of the general assembly enacted after the adoption of the constitution of 1875 for the purpose of conforming the organization of probate courts to the requirements of the constitution, was passed April 9th, 1877. This act established a uniform system of probate courts throughout the State, and provided for the election of a probate judge in every county in the State, at the general election in 1878, who should enter upon the discharge of the duties of his office on January 1st, 1879. So that it is clear, that the appellant was the only judge in Newton county authorized to transact probate business from the 1st day of January, 1877, until the 1st day of January, 1879; and this authority he exercised by virtue of his election in 1872, as judge of "The Court of Probate and Common Pleas of Newton County," and section 3 of the schedule above cited, the effect of which was to continue in existence the probate division of that court. Section 5 of the schedule did not abolish the court of which the appellant was judge, or change its name, but its only effect was to deprive the court of all jurisdiction over ordinary civil actions.

The common pleas jurisdiction of this court does not come strictly within the letter of section 5 of the schedule, but it is clearly within its spirit. The appellant was not judge of two courts, but of one court only, one exercising, however, a jurisdiction not usually conferred upon a single tribunal, and the name of this court was evidently chosen with a view of indicating the nature of the business it was authorized to transact. When the constitution curtailed its jurisdiction, its name, it must be confessed, became a misnomer, but its existence as a court was in no wise affected, and the right of the appellant to the salary provided by law for the judge of that court, was in no wise impaired. The judgment will, therefore, be reversed and the cause remanded. The other judges concur.