Williams v. Elliott.

*Appellate practice: finding of facts: weighing evidence.*

The record discloses no error harmful to plaintiff and therefore the judgment must be affirmed. All concur.

MOSES WILLIAMS, Appellant, v. C. E. ELLIOTT et al., Respondents.

Kansas City Court of Appeals, May 30, 1898.

1. County Courts: DUTIES: JUDICIAL: MINISTERIAL: APPROVAL OF BOND. The duties of the county court are judicial, *quasi* judicial or purely ministerial and the approval of an indemnity bond collateral to a contract for the execution of work involves the discretion of the court.

2. **Offices and Officers**; MINISTERIAL DUTY: LIABILITY: ACTION. A public officer clothed with discretionary ministerial powers is not liable for an error of judgment unless guilty of malice, corruption or willful violation of law, and in this case the defendants are held not liable for the rescission of an order accepting a bid and awarding a contract and the refusal to approve a collateral indemnifying bond.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

AFFIRMED.

E. A. BARBOUR and MCREYNOLDS & HALLIBURTON for appellants.

(1) In making this contract and approving plaintiff's bond, the county judges acted in a ministerial capacity. Their discretion was confined to an examination of the sufficiency of the security offered, and that must be a sound legal discretion, not capricious, arbitrary or oppressive. It was their duty either to approve the bond offered by Williams or disapprove it; in other words, it was their duty to act one way or the other on the bond. State ex rel. v. Co. Ct., 41 Mo. 221; State ex rel. v. Co. Ct., 41 Mo. 247; State ex rel. v. Co. Ct., 41 Mo. 545; State ex rel. v. Jacobi, 40 Mo. App. 652; State ex rel. v. Strother & Chase, 42 Mo. App. 343-352; State ex rel. v. McGonigle, 101 Mo. 361; State ex rel. v. Field, 37 Mo. App. 83; State ex rel. v. Wear, 37 Mo. App. 325. (2) A ministerial officer is liable to a party injured for any injury caused by nonfeasance, misfeasance or malfeasance. Mechem on Public Officers, secs. 663, 664, 665, and following. Mistake or good faith no excuse. Same, sec. 670. (3) The rule established in this state is: That officers acting in a judicial or discretionary capacity will not be liable unless guilty of willfulness, fraud, malice or corruption, or unless they knowingly act wrongfully

and not according to their honest convictions of duty. Schoettgen v. Wilson, 48 Mo. 253; McCutcheon v. Windsor, 55 Mo. 149-153. In the petition in this case defendants are charged to have acted willfully, maliciously and wrongfully, which would make defendants liable even if they acted in a judicial capacity. (4) That where an agent acts outside of the scope of his authority as such agent, then he becomes individually liable to the party injured. McCutchen v. Windsor, 55 Mo. 149; Duncan v. Kirtly, 54 Mo. App. 655; Sparks v. Dispatch Co., 104 Mo. 531; Blakey v. Beneke, 59 Mo. 193; Lapsley v. McKinstry, 38 Mo. 245.

THOMAS & HACKNEY for respondents.

(1) "Where the officers of a public or municipal corporation, acting officially, and under an innocent mistake of the law, in which the other party equally participated, with equal opportunities of knowledge, neither party at the time looking to personal liability, the officers are not in such case liable, nor is the corporation." Humphrey v. Jones, 71 Mo. 62; Hodges v. Runyan, 30 Mo. 491. (2) "Where all the facts are known to both parties, and the mistake is one of law as to the liability of the principal, the fact that the principal can not be held is no ground for charging the agent. Michael v. Jones, 84 Mo. 582; Huston v. Taylor, 36 S. W. Rep. (Mo.) 654-656, 657. See, also, Jacquemin v. Andrews, 40 Mo. App. 507, 510; 1 Am. and Eng. Ency. of Law [2 Ed.], p. 1127; Cheeney v. Brookfield, 60 Mo. 54.

SMITH, P. J.—The defendants are the justices of the county court of Jasper county. The bid of the plaintiff for the construction of a granitoid sidewalk

STATEMENT. around the courthouse square having been accepted by the said county court, the contract therefor was accordingly signed by the defendant C. E. Elliott, the presiding justice of said court, and the plaintiff. There was amongst others, a provision in said contract, to the effect that the same should not be operative, though signed, until the approval by said court of an indemnifying bond in the sum of $5,000 to be given by the plaintiff herein. A few days after the contract was signed the court directed its clerk to notify the plaintiff not to send in his bond as it had decided not to build the sidewalk. Later on the court made an order rescinding the order accepting the plaintiff's bid and vacating all subsequent orders relating to the building of the sidewalk. Notwithstanding these orders and proceedings, the plaintiff presented to the court a $5,000 bond, which it declined to approve. The plaintiff contends that by reason of the action of the court he was deprived of a profit of $1,500 which he would have made had he been permitted to perform the contract. This is an action against the defendants individually to recover the amount just stated as so much damages resulting to plaintiff by reason of the premises. There was a trial to a jury which resulted in judgment for the defendants, and from which plaintiff has appealed.

Under the provisions of our statutes, county courts and the judges thereof perform a great variety of duties, some of which are judicial, others COUNTY courts: duties: judicial: ministerial: approval of bond. *quasi* judicial and still others purely ministerial. It has been held that the duties of the county courts in respect to the approval of certain official bonds are partly judicial and partly ministerial in their nature, and that such courts are invested with a discretion as to the approval of such bonds. State v. Lafayette Co. Ct., 4 Mo. 545.

While the bond here was not an official bond it was one, the giving and approval of which was entirely within the discretion of the court. One of the conditions upon which the contract was awarded to plaintiff was that he execute a $5,000 bond, subject to the approval of the court. The question now is, whether the defendants for refusing in their quality as justices to approve the plaintiff's bond are individually liable for the profit he would have made had he performed the contract.

The law is now very well settled in this state that where a public officer is clothed by law with discretionary ministerial powers and he acts within the scope of his authority, he is not liable in damages OFFICES and offi- for an error in judgment, unless guilty of cers: ministerial duty: liability: malice or corruption or a willful violation action. of law. He is not liable for an honest mistake. Knox Co. v. Hunolt, 110 Mo. 67; Reed v. Conway, 20 Mo. 23; Pike v. Megoun, 44 Mo. 492; McCutcheon v. Windsor, 55 Mo. 149; Washington Co. v. Boyd, 64 Mo. 179; Edwards v. Ferguson, 73 Mo. 636. Nowhere in the evidence presented by the record before us is there to be found anything that will bring the defendants within the rule of liability just referred to. It is true that the court omitted to direct its clerk to make an order showing that the presiding justice was authorized to sign the contract, but the evidence discloses that this was an omission not intended by either of the defendants. It was a mere oversight.

Between the time when the contract was signed and that of the presentation by the plaintiff of his bond to the court a great number of the taxpaying citizens of the county had appeared before the court and strenuously remonstrated against the laying down of the granitoid sidewalks called for by the plaintiff's contract. The defendants recognized that they were no

Williams v. Elliott.

more than the agents of the county and that it was their duty to pay heed to the remonstrances of the taxpayers if the law permitted them, under existing conditions, to do so, of which they were uncertain and in doubt.

It is a matter of common information that the judges of county courts are not generally lawyers. Their knowledge of the law is usually confined to the statute defining their duties. It was not shown that defendants were lawyers. It is fair to infer they were not. In their extremity they sought the advice of those learned in the law as to whether they had the authority to rescind their orders relating to the letting of the contract for the construction of the pavement and to withhold their approval of the plaintiff's bond. The three lawyers with whom they advised, one of whom was the prosecuting attorney of the county, informed them that as the bond was still inoperative they as a court had not lost jurisdiction of the subject-matter of the acceptance of bids for the construction of the pavement and the awarding the contract therefor; that they were authorized to rescind the order accepting plaintiff's bid and awarding the contract therefor to him. Acting under this advice the court made the order of rescission.

We are not required to decide whether or not the advice of the defendants' counselors was proper, but we are required to decide whether the defendants, by this action so taken, have rendered themselves personally liable to plaintiff in damages. It seems to us that these officers exhibited a high degree of fidelity to their trust. They exhibited a prudence and just regard for the preference of the taxpayer that deserves the very highest commendation. There is nothing in the facts of the case that would justify the conclusion that they were guilty of any arbitrary, wanton or oppressive

conduct.   But, on the contrary, it is apparent that they acted in the utmost good faith.   Certainly it can not be said that the defendants acted from a spirit of willfulness, corruption and malice, or, in other words, that their action was knowingly wrongful and not in accordance with their honest convictions in respect to their duty.   Pike v. Megoun, *ante*, loc. cit. 497.   The defendants did not know what their duty was in respect to the matter in which they were required to take action.   In good faith they sought the advice of those presumably competent to enlighten them and acted in accordance with the advice so received.   In view of these facts how can it, with any show of reason or fairness, be said that the action so taken by them was knowingly wrongful and not in accordance with their convictions in respect to their duty?   It may be that the legal advisers of the defendants were mistaken in their advice as to the extent of the authority conferred upon the latter by law, yet it seems clear to us, that even if this be so, that if such latter, in good faith acted under the advice of the former, there is no liability for so doing.   If the defendants were induced by mistake it was certainly an honest mistake.   There is nothing disclosed by the record that tends to show that the defendants in discharging the duties already referred to acted otherwise than as conscientious, upright and prudent public officers honestly endeavoring to discharge the embarrassing duties devolved upon them according to the best of their ability.   It is our opinion that the evidence would not justify a recovery by plaintiff on any theory, consequently it becomes unnecessary to examine the instructions of which the plaintiff complains.

The judgment will, accordingly, be affirmed.   All concur.