### SMITH v. TRAWL.

ERROR to reverse a judgment of the County Court, in an action Trawl v. Smith, declaring that one Jehiel Sexton was indebted to him £8 15s. by note; that to secure said debt, he caused a certain horse of said Sexton's to be attached of more value than said debt, by writ, dated          and returnable before Justice Wilcox, to be answered on the 29th of January, A. D. 1787; that said horse was accordingly attached and taken into the custody of the law. That said Sexton applied to the defendant, he being a justice of the peace, for a writ of replevin to replevy said horse, which said justice granted, and took said Sexton's bond only upon said writ; that said Sexton at that time was a bankrupt, known to have but little or no property besides said horse; by virtue of which replevin said horse was taken out of the custody of the law and returned to said Sexton; that the plaintiff recovered judgment on said writ of attachment on said 29th day of January, A. D. 1787, before Justice Wilcox, for the sum of £1 15s., lawful money, damages, and thirteen shillings six pence for cost, for which he had execution and delivered it to an officer, who collected thereon fifteen shillings only, and for the residue returned said execution *non est inventus;* and said Sexton hath no estate and hath absconded; that his bond aforesaid was no security on said replevin, and by means of the wrongdoings of the defendant aforesaid he has lost his said debt to his damage £     .

Demurrer to the declaration — Judgment that the declaration was sufficient, and that the plaintiff recover.

Errors assigned — That said declaration was insufficient; for the law had made the justice the judge of the sufficiency or insufficiency of the security to be taken, and of this he judged, and for an error in judgment he was not liable.

Judgment — Manifest error.

BY THE COURT. The question in this case is, whether the plaintiff's bond, upon a replevin, in any case, let him be ever

so responsible, can be considered as good and sufficient security, within the letter and meaning of the law. 2d. Whether, as the statute is worded, and the practice hath been, the justice is guilty of a malfeasance, for which he is liable in damages; or only as having committed an error in judgment.

The statute respecting attachments is, that the plaintiff, on praying out an attachment against the goods and the estate of the debtor, shall give sufficient security to prosecute. The parties' bond is constantly taken in these cases, and if the security is insufficient, an objection made to the court, to whom the writ is returned, will order a new bond to be given. The attachment takes the property from the defendant into the custody of the law, for the purpose of responding the judgment which shall be recovered; or to return it in safety to the debtor.

On praying out a replevin the law is, that the plaintiff shall give good and sufficient security to prosecute his replevin, etc. This writ is to take the property out of the custody of the law, and return it to the owner; it is to relieve a defendant against any injury he might sustain, by having his property detained from him; the bond is deposited in the place of the property, to respond the judgment. Now as the statute doth not explicitly require that it shall be a bond with surety, but only that it shall be good and sufficient security, if the justice judged that the plaintiff's bond was good and sufficient security, although, it in fact was not, and although it is not what the statute meant, in this case, by good and sufficient security, still it is but an error in judgment, for which he is not liable, unless it appeared, that he acted corruptly; and in this case it doth not appear that he did.

DYER and CHAUNCEY, JJ., dissented from the court and were of opinion, that although the words of the statute respecting attachments, and of the statute respecting replevins, were in substance the same; and that the practice had been to take the plaintiff's bond upon attachments; yet the cases were very different, and that in a replevin the party's bond is no security

at all, and it is as though the justice had granted a replevin without taking any bond at all. I should have stated their reasons at large, but have not been able upon diligent search to find them.

This judgment of the Superior Court was reversed in the Supreme Court of Errors, in May A. D. 1790; for the following reasons, viz.

Trawl v. Smith. The question in this case is — Whether the officer who issues a writ of replevin, has not a legal right to take the bond of the debtor only, who shall pray out such writ; and if such debtor shall fail in his prosecution, and be unable to respond the judgment which shall be rendered against him, such officer issuing such replevin, having judged the bond of the debtor only, sufficient in law, hath not therein acted consistent with his duty, and consequently is exonerated from any responsibility on account of such failure?

The law requires that good and sufficient security be given to prosecute a writ of replevin. To know what the law deems good and sufficient security, we must advert to the policy and design of the law relative to writs of attachment and writs of replevin. The obvious design of the law, allowing a person who claims to be a creditor, to attach the goods or person of his reputed debtor, is with a view to promote justice, by giving such creditor a more immediate and better security than he before had; and by such provision to extend the benefit of private credit, to such as may want it. Without such provision, a debtor might withdraw himself, and secrete his property, even under the eye of his creditor; and at the same time the creditor have no legal authority to prevent the fraud.

On the other hand, a man may be so unjust as to claim to be a creditor and attach the goods of another, against whom he has no legal demand; to guard against the inconvenience of such unjust seizure and detention, the law has provided, that such reputed debtor may have his goods restored to him, upon his giving sufficient security to return the goods, or respond

the judgment that shall be recovered against him. These two laws, established upon the clear principles of public and private utility, must be construed and understood to be reconcilable with each other; we must not therefore admit as a principle of law, what would manifestly defeat the beforementioned view and design of the law.

It was before observed, that one important design of the law in allowing creditors to attach the goods of their debtors was, that they might possess themselves of a better security, than they before had. With this idea in view, we' will suppose a creditor attaches the goods of his debtor, upon a bond for money given to him, by such debtor; now iff such debtor upon his proffering another bond, given by himself only, can by law claim and have a legal right to have his goods so attached restored to him; it must be evident, that he has a legal authority to defeat every advantage of such attachment, and subject the creditor to depend finally upon the bond of his debtor only, with no other advantage to himself, nor better security than he had before such attachment had issued. Such proceedings being so obviously repugnant and contradictory, cannot be admitted as consonant to law.

It is true, that every officer who is required to take bonds upon replevins, is to judge, whether the same be apparently sufficient or not, and is not responsible for such his judgment; but the bond offered must be apparently good, which cannot be the case if none is offered but the bond of the debtor only; because it must appear evidently, that no additional security can thereby be acquired by the creditor more than he had before. To say that a sheriff had let a man to bail upon his own bond, would be an impropriety in expression; and it would be equally so, to say, that a good and sufficient pledge was given, in lieu of the goods of the debtor, which were attached, when no other pledge was given but the bond of the debtor only, which necessarily cannot be any higher or better security, than the creditor had before the attachment issued.