Hall, Judge.
 

 The bond taken for the collection of the public taxes, is not such as tiie act requires, but it is one on which an action at law can be maintained, according to the cases of the
 
 State Bank
 
 v.
 
 Twitty
 
 &
 
 Ledbetter,
 
 (2
 
 Hawks,
 
 1,) and the
 
 Governor
 
 v.
 
 Witherspoon,
 
 (3
 
 Do.
 
 42). It is very unlike the case where the Justices neglect to take any bond. I think, in the words of the Defendants counsel, they are not, upon the true construction of the acts of the Assembly, liable for an error of judgment, committed in an honest endea-vour to discharge their duty, but are so only in case they are guilty of
 
 mala fides,
 
 or of that gross neglect which is evidence of itj and upon this ground and distinction, I think the case ought to have been submitted to the Jury. "
 

 
 *18
 
 An objection was taken to the certificate offered in evi-deuce, because it contained matter
 
 dehors
 
 the record, the ,
 
 7
 
 certificate of the Clerk being that the Sheriff entered into ^he bonds copied into it, and
 
 none other.
 
 Whether proof that no other bonds had been entered into, was indispensable on the trial of the cause, it is not necessary to consider. But if it was, the Clerk’s certificate is not admissible evidence of it. Tbe act of 1790,
 
 (Rev. ch.
 
 527) directing the duty of Justices in taking bonds of Sheriffs and others, declares that a copy of the record of the Court, attested by the Clerk, to be legal and sufficient evidence, and shall be admitted as such, and judgment shall be had thereon accordingly.,, Therefore that which the Clerk attested as a record was admissible,
 
 but
 
 that which he certified, not as a record, but as a fact, viz. that no other bond was given, was not
 
 admissible;
 
 he did not do it officially.
 

 It has also been insisted by the Defendant’s counsel, that the Defendants are protected by the statute of limitation. It is to be observed that this is an action of debt, and cannot fall within the operation of the act of 1814,
 
 (.Rev. ch.
 
 879.) That act bars all actions of debt grounded upon any
 
 lending
 
 or
 
 contract
 
 without specialty. This is not an action of that description, nor is it barred by any clause of the act of 1715,
 
 (Rev. ch.
 
 2.)
 
 Johnston
 
 v.
 
 Green,
 
 (1
 
 Carolina Law Rep.
 
 516).
 

 Per Curiam. — Let the judgment below be reversed» and a new trial granted.