THE STATE, on the Relation of ROBINSON, *v.* LITTLEFIELD
and Others.

In a declaration against a justice of the peace and his sureties, on the official
bond of the justice, it is not a sufficient assignment of a breach to state gene-
rally, that the justice had not faithfully discharged his duty; but the breach
of some particular duty, of which breach the relator has a right to complain,
must be set out.

The sureties in such a case are not liable, unless the act complained of was
done corruptly, or with a knowledge that it was unlawful.

ERROR to the *La Grange* Circuit Court.

BLACKFORD, J.—This was an action of debt in the name of
the state, on the relation of *Robinson*, against *Littlefield*, *New-
ton*, and *Thrall*. The action is founded on a bond given by *Lit-
tlefield*, as a justice of the peace, and by *Newton* and *Thrall* as
his sureties, in the penal sum of 1,200 dollars. The decla-
ration sets out the condition of the bond, and assigns the
breaches complained of. The condition is, that if *Littlefield*
shall faithfully perform his duties as a justice of the peace, ac-
cording to law, and pay over all money which may come into
his hands to the persons entitled to it, then the bond to be
void. General demurrer to the declaration, and judgment in
the Circuit Court for the defendants.

The question between the parties in this cause is, whether
there is any sufficient breach assigned in the declaration?

The first breach assigned is that *Littlefield*, whilst acting as
a justice of the peace, did not faithfully perform his duties as
prescribed by law. This assignment is bad. It does not show
that *Robinson*, the relator, has any cause of complaint against
the defendants. The justice may have violated his duty a
hundred times, without giving the relator in this case any rea-
son to complain. Besides, this assignment does not show in
what the magistrate's misconduct consisted. The covenant
relied on is, in general terms, for the faithful performance of
official duties; and the assignment in such a case should be of
a breach of some particular duty embraced in the covenant.
The defendant must be informed, by the declaration, of the
specific charge against him, in order that he may be prepared
to answer it.

The other breach assigned is that, on, &c., at, &c., the said

17

Nov. Term,
1835.

THE STATE
v.
LITTLEFIELD.

justice issued a *capias ad respondendum* against the relator, on a charge of his having assaulted the justice; that the relator was accordingly arrested and brought before the same justice; that the justice unlawfully and oppressively refused to the relator a change of venue in the cause, and also refused him a trial by jury; that the justice, for the supposed assault upon himself, rendered a judgment for three dollars with costs against the relator; and, further, that during the said trial, the justice without cause fined the relator three dollars and costs for an alleged contempt, issued an execution against him for the same, and thereby caused him to be imprisoned for 24 hours.

This assignment is also insufficient. Assuming the justice to have acted oppressively and unlawfully as the declaration alleges, still that does not show a cause of action against the sureties. The declaration should have stated, that the justice had acted corruptly, or that he knew his conduct to be unlawful. In cases of this kind, the sureties are not liable for the unintentional mistakes in judgment made by the justice, however oppressively such mistakes may have operated against the party complaining. The plaintiff relies on the case of *The State* v. *Flinn*, in this Court, *Nov.* term, 1832. But in that case the acts of the justice are alleged to have been corruptly committed, and to have been committed with a full knowledge that they were illegal (1).

We are therefore of opinion, that neither of the breaches assigned is sufficient, and that the demurrer to the declaration was correctly sustained.

*Per Curiam.*—The judgment is affirmed with costs against the relator. To be certified, &c.

*H. Cooper*, for the plaintiff.

*C. W. Ewing* and *S. C. Sample*, for the defendants.

. (1) If a justice of the peace be guilty of manifest and wilful negligence in the discharge of his official duty to the injury of any person, or if in the administration or under colour of his office, he be guilty of any oppressive act, he is liable, upon conviction, to be fined in any sum not exceeding 1,000 dollars. · Rev. Stat. 1838, p. 216,