HENRY CHICKERING & another *vs.* BENJAMIN F. ROBINSON.

An action on the case will not lie against a justice of the peace, for an error of judgment in taking a recognizance to prosecute an appeal in a form not authorized by law, and therefore invalid.

THIS case was submitted to the court of common pleas, upon an agreed statement of facts; and judgment being rendered thereon for the defendant, the plaintiff appealed to this court.

The facts are fully stated in the opinion.

*T. Robinson*, for the plaintiffs.

*H. L. Dawes*, for the defendant.

FLETCHER, J. This is a special action on the case. By the agreed statement of facts, it appears, that the plaintiffs instituted a suit against one Nehemiah Hodge, before the present defendant, who was a justice of the peace, having jurisdiction of the person and of the case. In that suit, the present defendant, as such justice of the peace, rendered judgment against Hodge, in favor of the present plaintiffs, from which judgment Hodge appealed to the court of common pleas. The plaintiffs requested the justice to require

Hodge, on his claiming an appeal, to recognize to them in the sum of fifty dollars, as the law required; but the justice took a recognizance of Hodge and his surety only in the sum of twenty dollars. In the action of the plaintiffs against Hodge, on the appeal in the court of common pleas, after several continuances, judgment was rendered for the plaintiffs, for the sum of $1·50, debt, and $34·15, costs, of which latter sum, $30·18 accrued after the appeal. It is further agreed that Hodge is a bankrupt, and that the plaintiffs have been wholly unable to collect any part of the judgment of him, and that the same is now unsatisfied.

This action is brought against the present defendant, to recover damages of him, on the ground, that the recognizance, which he, as a justice of the peace, took of Hodge, as before stated, was not good in law; for the reason, that it was taken in a form prescribed by a former statute, which had been repealed, and was not according to the existing law, and so was invalid, and could not be enforced against Hodge and his surety. But it was admitted, that there was no intentional fault on the part of the defendant, as such justice of the peace, in taking the recognizance in the form in which it was taken.

Upon the question, which was discussed at the bar, whether the recognizance was or was not good and binding on the parties, it is not necessary to express any opinion, as the court are clearly satisfied, that, assuming the recognizance to be invalid, for the reason that it was not in the form required by the existing statute, still this action cannot be maintained, on that ground, against the magistrate, the present defendant. The question, in regard to the force and effect of the recognizance, was a question of law, which the defendant was called upon and obliged to decide, in the course of the discharge of his judicial duties, as a justice of the peace; and his decision of that question was clearly a judicial opinion or act. An elaborate argument has been offered to this court by the counsel for the respective parties in this case, upon the question, whether or not the recognizance taken by the

defendant was legal and valid; and any decision which this court might make of that question would surely be a judicial decision. The course of legislation on the subject might be such, as to render the question, as to the proper form of a recognizance to be taken of a party claiming an appeal, a very difficult and perplexing question of law, requiring for its decision much legal and judicial ability.

Whether it was or was not difficult to determine what was the proper form of a recognizance, in the present case, is quite immaterial; because, however erroneous may have been the act of the justice, in taking a recognizance in the form in which this was taken, still it was a judicial act, for which surely no action can be maintained. Nothing is better settled in the law, or for better or more satisfactory reasons, than that no action can be maintained against a judge or magistrate for an erroneous judicial opinion or act, in a case of which he has jurisdiction.

This point has been so lately and so fully considered and adjudged by this court, and is so conclusively supported by a long course of decisions, that it is.not necessary to consider it more at large in this case.*

*Judgment for the defendant.*

* See *Pratt* v. *Gardner*, 2 Cush. 63; *Floyd* v. *Barker*, 12 Coke, 24; *Yates* v. *Lansing*, 5 Johns. 282; *Phelps* v. *Sill*, 1 Day, 315; *Evans* v. *Foster*, 1 N H. 374; *Brodie* v. *Rutledge*, 2 Bay, 69.