### HOWE v. MASON *et al.*

1. MINISTERIAL AND JUDICIAL ACTS. A ministerial officer is liable for damages caused by his misfeasance and non-feasance in office; but a judicial officer is not liable for judicial acts when it is not shown that he acted corruptly.

2. SAME: APPROVING BOND. The approving of a replevin bond by a justice of the peace so partakes of the nature of a judicial act as to release him from liability for error of judgment. To make him liable for such error it must be shown that he acted corruptly.

3. SAME. When a justice of the peace approved a replevin bond upon which a married woman was the only solvent surety, it was held, that as it was not shown that he acted corruptly, he was not liable.

*Appeal from Clayton District Court.*

THURSDAY, APRIL 9.

THIS action is upon the official bond of the defendant, Mason, as justice of the peace. The breach assigned is the careless, negligent, willful and corrupt discharge of the duties of said office. It appears that one Teeter brought an action of replevin against the plaintiff, for the possession of a colt. The defendant as justice, issued the writ of replevin, under which the officer took possession of the colt and delivered it to Teeter. As soon as Teeter became possessed of the property he abandoned his action. It is claimed by the plaintiff that defendant issued the writ of replevin without taking a sufficient bond; that the only responsible person on the bond was a married woman; that the bond as against her is worthless; that defendant knew at the time he issued the writ that the sureties were not responsible. Issue being joined, trial by jury, verdict for plaintiff, defendant appeals.

*Odell & Updegraff* for the appellant.

*Noble & Beckwith* for the appellee.

BALDWIN, C. J.— The Court was asked by the defendant to instruct the jury as follows: "A justice of the peace is a judicial officer, and is not liable to answer for any judgment whether of law or fact." To this instruction the Court added the following: "But on approving a bond which is required to be approved by him, he does not act as a judicial, but as a ministerial officer, and ministerial officers may be liable for errors of law and of fact." The instruction as thus modified was given to the jury, and to this ruling the defendants except.

It appears that one of the sureties in the replevin bond was a married woman. Under the ruling of this court in the case of *Rodemeyer* v. *Rodman*, 5 Iowa, 426, it was held that in order to make a wife liable in her separate property, upon a contract entered into during coverture, the plaintiff should show that such contract related to the expenses of the family, or to other proper purposes as contemplated by section 1455 of the Code, or that it related to the separate property, or that the contract purports to bind herself only. During coverture a wife cannot be sued in law as a *feme sole* unless the contract is of the character contemplated by §§ 1454 and 1455 of the Code. It appears also that the principal and other surety in the bond were at the time insolvent. The bond was, therefore, unavailing to the plaintiff.

It is not insisted that the justice acted corruptly or willfully wrong in the acceptance of a bond that proved to be unavailing, but that he acted carelessly, and negligently in ascertaining the responsibility of the sureties. Under the instruction thus modified there is but one question to be determined, and that is, whether the justice in approving and passing upon the sufficiency of the bond acted judicially or ministerially. If it was a judicial act, the rule is well settled that no judicial officer is liable for an error of judgment unless it is proven that he has acted corruptly.

This rule applies to inferior courts as well as to superior, to the actions of a justice of the peace as well as to the judges of courts of equity and common law jurisdiction. The reason for this rule is clearly and ably stated by Judge KENT in the case of *Yates* v. *Lansing*, 5 John., 282.

So also in the case of *Pratt* v. *Garden*, 2 Cush., 63, SHAW, C. J., says, that "It is a principle lying at the foundation of all well-ordered jurisprudence, that every judge, whether of a higher or lower court, exercising the jurisdiction vested in him by law, and deciding upon the rights of others, should act upon his own free, unbiased convictions, uninfluenced by any apprehensions of consequences. * * A judge or justice is not bound at the peril of an action for damages or of a personal controversy, to decide right in matters of either law or of fact, but to decide according to his own convictions of right, of which his recorded judgment is the best, and must be taken as conclusive evidence." The authorities are abundant recognizing the correctness of these decisions.

"It may sometimes," says SAVAGE, C. J., "be difficult to determine whether an act is judicial or ministerial. A justice of the peace performs acts of both kinds which are clearly distinguishable. He issues process in the first instance, and in doing so acts ministerially; his judgment is not at all exercised, where the parties appear before him and the cause is heard, he renders judgment, he then acts judicially, after judgment he issues execution, he then again acts ministerially. The justice is both judge and clerk. See *Tompkins* v. *Sands*, 8 Wend., 462. In the opinion of the Court in this case, reference is made to that of *Smith* v. *Trawl*, 1 Root, 165, in which an action was held to lie against a justice of the peace in Connecticut for granting a writ of replevin without requiring security. The plaintiff recovered in the County Court, and the judgment was reversed in the Superior Court, on the ground

that the law had made the justice the judge of the suffi-
ciency of the security. The judgment of the Superior
Court was reversed in the Supreme Court of Errors, on
the ground that the party's bond was no security, and the
act of the justice was compared to a sheriff letting a man
to bail on his own bond."

But in *Phelps* v. *Sill*, 1 Day, 315, it was held, that an
action will not lie against a judge of probate for neglect-
ing to take security from the guardian of an infant, although
the infant had personal estate and the guardian was a
bankrupt. The court places his indemnity from damages
upon his judicial character, and that the omission on his
part was by mistake. After a reference to other decisions
upon this question, the Chief Justice, in *Tompkins* v. *Sands*,
*supra*, says, " the principle must be considered as settled,
that for a judicial act no action lies, but for an injury aris-
ing from misfeasance or nonfeasance of a ministerial officer,
the party has redress in an action on the case, but in all
cases where the defendant is sued for an act in which he
was bound to exercise his discretion *the action will not be
sustained*, unless it appear that the act complained of was
done *willfully* and *maliciously*." In the concluding para-
graph of this opinion, the Chief Justice remarks, that " it
is his opinion that a justice in approving or refusing to
approve an appeal bond, does not act judicially; he does
indeed exercise his discretion, but it is the same discretion
exercised by every ministerial officer who takes bail."
This however appears to be his individual opinion and not
that of the court. It was not necessary to go thus far in
the decision of the case before them. Then the justice, it
is alleged, unjustly and oppressively prevented the plaintiff
from appealing, by refusing to accept the bond. The
declaration particularly charges the justice with oppressive
conduct. He refused to act.

In the case before us the justice did not refuse to act, but, on the contrary, accepted the bond in good faith, supposing that the sureties were sufficient to protect the rights of the plaintiff. We are constrained to admit the force of the argument that a justice of the peace, in approving a bond, exercises the same discretion that is exercised by every ministerial officer who takes bail, and whose duties are solely ministerial. But a justice of the peace, by virtue of his office, is both a judicial and ministerial officer. In the same cause in which he acts ministerially he has to hear evidence, determine legal questions, and pass judgment upon the merits of the case. Being required by law to act in both capacities, we cannot perceive any reason why the rule that is held to apply to all judicial officers, should not for like causes apply to a justice of the peace where there is a discretion to be exercised.

We are inclined to the opinion, and so hold, that the act of approving a bond by a justice of the peace is of a judicial character, or at least the determining the question whether the sureties in a bond are competent to contract, so partakes of a judicial act as to release a justice from liability if he should honestly err in his judgment. And we feel strengthened in our conclusion by the ruling of the Supreme Court of Massachusetts in the case of *Chickering* v *Robinson*, 3 Cush., 543, in which it was held, that an action on the case would not lie against a justice of the peace for an error in judgment in taking a recognizance to prosecute in a form not authorized by law and therefore invalid.

This decision was concurred in by a full bench, composed of able jurists, and in view of the decisions of the Courts of England and of the United States upon this subject, to which reference was had when the decision was made. The instructions asked should have been given without modification.