### HACKLEMAN *v.* HARRISON ET AL.

EVIDENCE.—*Former Judgment.*—The *bona fide* holder of a promissory note, to whom it had been assigned by the payee, without indorsement, delivered it for collection to a justice of the peace, who brought suit thereon in the name of the payee against the maker, and rendered judgment in favor of the maker, said holder having no actual knowledge of the time of the trial, and the payee being a resident of another state, and having no knowledge of the proceeding.

*Held,* that said judgment was admissible in evidence in favor of the maker, in a subsequent suit on the same note brought by said holder against the maker.

From the Spencer Common Pleas.

*H. G. Barkwell, M. M. Ray, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellant.

*L. Q. DeBruler, C. A. DeBruler, E. A. Ely,* and *L. D. Abbott,* for appellees.

BIDDLE, J.—Suit commenced August 23d, 1871, before Daniel Squier, a justice of the peace, on a promissory note made by appellees to G. W. Atherton and Thomas Wilkinson, and assigned, without indorsement, to the appellant. Judgment before the justice against the appellees, and appeal to the court of common pleas, wherein various proceedings, by way of pleadings and demurrers, were had, exceptions taken, etc., which need not be noticed here, as no evidence was offered on the trial which, if admissible at all, could not have been given under the general statutory denial.

At the trial in the court of common pleas, the appellees offered in evidence the transcript of a judgment rendered June 3d, 1871, by A. R. Johnson, a justice of the peace, in favor of the appellees, founded on the same note, wherein the payees were plaintiffs and the appellees defendants. The appellant objected to the introduction of the transcript, " for the reason that the judgment mentioned in said transcript was not between the parties to this present suit, and was irrelevant to the issues joined." The objection was overruled by the court, and exception taken.

This presents the sole question in the record for our consideration. Other points are raised in the brief of appellant, but as they were not saved in the record, they cannot be considered here. Judgment for appellees below.

It appears, by the bill of exceptions, that the appellant was the *bona fide* holder of the note, and the real party in interest before the suit was brought and the judgment rendered, as set forth in the transcript offered in evidence ; that so being the holder and owner, he delivered the note to said justice of the peace, A. R. Johnson, to collect for him, and that said justice proceeded to bring suit on said note in the name of said G. M. Atherton and Thomas Wilkinson, the payees thereof, the same not having been indorsed by them ; that the appellant had no actual knowledge of the day set for trial, and was not present at the time ; that Atherton and Wilkinson, at the time of bringing the suit and the rendition of the judgment, lived in the State of Illinois, were not present at the trial, and had no knowledge of the proceedings.

What effect, if any, these facts might have had upon the case, if they had been known to the appellees before the suit was brought, we need not decide, as it nowhere appears that they had any such notice. Besides, the defence set up, as shown by the transcript, was one which, even with full notice, they could have made against an indorsee. Thus the makers of the note, without indorsement and without notice of assignment, were sued by the payees. They had a right to defend the suit, as it was brought, and having defended it successfully, must be protected from all subsequent actions founded on the same cause.

The appellant, having delivered the note to justice Johnson for collection, without giving him any specific directions, as far as the record shows us, and the justice having proceeded on the note according to its face, it not having been indorsed, must be held to have authorized the proceedings, and is therefore bound by the record.

The appellant labors hard in his brief to convince us that the transcript does not show a former adjudication of the sub-

ject-matter which should bind him, because he was not a party to the record. It is quite true that it does not show such a former recovery as could be pleaded by the appellees against the appellant as an estoppel, but it is evidence in their favor, which, if uncontradicted, as in this case, must prevail.

The judgment is affirmed.