MARSHALL ET AL. *v.* DUKE ET AL.

WARRANTY.—*Sale of Chattel.*—A sale of personal property carries with it an implied warranty of title.

ESTOPPEL.—A person who, having sold personal property, has notice of an action of replevin brought by a party claiming to own the property, and stands by and sees the property taken from the purchaser, cannot afterwards make the purchaser·pay for the property.

From the Henry Circuit Court.

*J. Brown* and *J. M. Brown*, for appellants.

*M. E. Forkner* and *E. H. Bundy*, for appellees.

BIDDLE, C. J.—Suit commenced before a justice of the peace, on a promissory note made by appellees to appellants. Judgment for appellants. Appeal to the circuit court, wherein, on a trial by the court, a finding and judgment

were had for the appellees. Proper proceedings have brought the case, with all the evidence, before us.

The note was given for a horse sold by appellants, as their own property, to John Duke, at a public sale. George W. Duke was surety on the note. Soon after the sale, Henry Stout brought a suit in replevin against John Duke, and recovered possession of the horse as his own property. The appellants had notice of this suit. George R. Marshall was present at the trial, and was required to defend the title of John Duke in the horse, against the claim of Stout, but refused. Stout had judgment for the possession of the horse. No appeal was taken.

Afterwards, this suit was brought upon the note. At the trial, the record of the replevin suit was introduced by the appellees. There was also evidence adduced by the appellants, tending to show that Stout was at the public sale, and present at the time John Duke bought the horse, yet made no claim.

It is also urged that there was a fraudulent collusion between Stout and John Duke to have Duke buy the horse and Stout afterwards replevy him from Duke, and that Duke is therefore estopped from setting up any defence to the note. If such facts existed, they should have been shown by the appellants in the defence to the replevin suit, and thus have maintained Stout's title to the horse and preserved the validity of the note. They cannot, having notice of that suit and being present at the trial, sit by and see the horse taken from Stout and afterwards make him pay the note. The sale of the horse by the appellants to Duke carried with it an implied warranty of title, and not having made that warranty good against Stout, when the opportunity was offered them, and they were required to do so, the consideration of the note has failed, and they cannot recover upon it. *Hackleman* v. *Harrison,* 50 Ind. 156.

The judgment is affirmed.