KRESS ET AL., EXECUTORS, *v.* THE STATE, EX REL. WAGONER.

LAW OF THE CASE.—The rule of law applied by the Supreme Court in the decision of a case remains the law of that case in all subsequent decisions thereof.

JUSTICE OF THE PEACE.—*Complaint on Bond.— Fraud in Rendering Judgment.—Mistake.*—In an action on the bond of a justice of the peace, the complaint alleged, that, in rendering judgment in a cause pending before him, wherein the relator was a party, the justice, without the knowledge or fault of the relator, and with intent to cheat and defraud him, had fraudulently and purposely rendered the judgment for less than he was entitled to recover. *Held*, on demurrer, that the complaint is insufficient.

SAME.—*Judicial Officer not Liable for Judicial Act.*—A judicial officer is not liable pecuniarily for injury resulting from his wrongful rendition of judgment however erroneous, false or fraudulent that judgment may be.

From the Clay Circuit Court.

*S. W. Curtis, I. M. Compton* and *G. A. Knight*, for appellants.

*W. W. Carter* and *S. D. Coffey*, for appellee.

BIDDLE, J.—This is the case of *Larr* v. *The State, ex rel. Wagoner,* 45 Ind. 364, revived by the representatives of Larr.

It is brought on the official bond of Larr, a justice of the peace, alleging the erroneous rendition of a judgment by the justice, in favor of the relator, for sixty-six dollars, when it should have been rendered for one hundred and sixty-six dollars.

We need not set out the original complaint, as it is fully stated in the reported case. After the reversal and the remandment of the case, the complaint was amended by charging that the judgment was so rendered by the justice, fraudulently and purposely, with intent to cheat and defraud the relator. In other respects, the two complaints are the same.

Separate demurrers, by the appellants, were overruled to the complaint.

Answer; jury trial; verdict for appellee; and judgment on the verdict.

The appellants reserved exceptions to the rulings on the demurrers to the complaint, to the instructions of the court, and to the sufficiency of the evidence to sustain the verdict, and appealed.

In the reported case it was directly held, that the judgment of the justice was conclusive, and could not be attacked collaterally, either in a pleading or by evidence. This decision became the law of the case, remains the law of the case still, and will remain the law of the case forever. The amendment of the complaint, averring fraud, can not affect the conclusiveness of the judgment. Besides, judicial officers, as judges of courts and justices of the peace, although they may be impeached for corrupt actions, can not be held pecuniarily responsible to the party injured. This is a fundamental principle in jurisprudence. The appellee furnishes us with a list of authorities, showing many cases wherein

ministerial or executive officers, as sheriffs, constables or clerks, have been held liable for fraud and mistake in the exercise of their duties, but no case wherein a judicial officer, in the exercise of judicial functions, was ever held liable to the party injured, however erroneous, false or fraudulent his judgment might be. A stranger to the record may attack a judgment for fraud in obtaining the judgment—not for fraud in the cause of action—because, not being a party to it, he can not appeal; but in no case can even a stranger attack a judgment for fraud in the judge or justice who rendered it, and much stronger are the reasons against a party to the judgment, who can appeal. *De Armond* v. *Adams*, 25 Ind. 455. And, as to the conclusiveness of a judgment, when attacked collaterally, either by a party or a stranger, see the following authorities: *Wescott* v. *Brown*, 13 Ind. 83; *Cassel* v. *Scott*, 17 Ind. 514; *Evans* v. *Ashby*, 22 Ind. 15; *Waltz* v. *Borroway*, 25 Ind. 380; *Dequindre* v. *Williams*, 31 Ind. 444; *Abdil* v. *Abdil*, 33 Ind. 460; *Gavin* v. *Graydon*, 41 Ind. 559; *Bates* v. *Spooner*, 45 Ind. 489; *Joseph* v. *Burk*, 46 Ind. 59; *Landers* v. *George*, 49 Ind. 309; *Hackleman* v. *Harrison*, 50 Ind. 156; *Pressler* v. *Turner*, 57 Ind. 56.

The complaint in the present case contains no cause of action.

The judgment is reversed, at the costs of the appellee; cause remanded, with instructions to sustain the demurrers to the complaint.