## THE STATE, EX REL. ORR, *v.* JACKSON ET AL.

PROSECUTING ATTORNEY.—*Right to Appear before Justices of the Peace, in Criminal Prosecutions.*—In all counties in which no criminal circuit court has been established, the prosecuting attorney of the civil circuit court has the right to appear on behalf of the State, in criminal prosecutions before justices of the peace.

SAME.—*Prosecuting Attorney's Fee.— When none Taxed* —No fee should be taxed for the prosecuting attorney, in criminal prosecutions before justices of the peace, in any case where the fine can not exceed three dollars ; nor in any other case wherein he appears without being requested so to do by the injured or complaining party.   And in no event can a fee be taxed in his favor, in a case wherein he does not appear either in person or by deputy.

SAME.—*Taxing Fees a Judicial Act.— Costs.*—The act of a justice in taxing, or in failing or refusing to tax, a fee in favor of a prosecuting attorney, and rendering judgment accordingly, is a judicial act ; and neither he nor his sureties are liable on his bond, on account of his action therein.

From the Madison Circuit Court.

*T. B. Orr*, for appellant.

*J. H. McConnell*, for appellees.

HOWK, C. J.—The question for the decision of this court in this case may be thus stated :   Upon the facts stated in the complaint of the appellant's relator, was or is he entitled by law to any relief ?

In his complaint, the relator alleged, in substance, that the appellee James M. Jackson, having been duly and legally elected and commissioned a justice of the peace in and for Anderson township, Madison county, Indiana, for the term of four years from November 11th, 1876, filed his official bond as such justice, with his co-appellees as sureties therein, on said last-named day, which said bond was then and there duly taken and approved by the then clerk of the court below, and that the said James M. Jackson, having duly taken his official oath, entered upon, and had since continued at all times in, the discharge of his official duties, as such justice of the peace; and that

the said bond was conditioned, that the said James M. Jackson should faithfully discharge his duties as such justice, and pay over, on demand, to the persons entitled or authorized to receive the same, all moneys that might come into his hands as such justice of the peace, during his continuance in office, a copy of which bond was filed with, and made part of, the relator's complaint; that, on the 30th day of May, 1879, one James H. McConnell voluntarily filed his complaint, made on oath, before said justice, a copy of which was filed with, and made part of, the relator's complaint, charging one Samuel A. B. Bennett with having violated section 32 of " An act defining misdemeanors and prescribing punishment therefor," approved June 14th, 1852, to which complaint and prosecution the said Bennett voluntarily appeared, without service of warrant, and pleaded guilty as therein charged ; whereupon, without the knowledge or consent of, and without any notice to, and in the absence of, the appellant's relator, Thomas B. Orr, who was then and there, and still was, the duly and legally elected, commissioned and acting prosecuting attorney of the 24th Judicial Circuit of this State, of which circuit Madison county was a part, and there being no other person lawfully authorized to prosecute the pleas of the State in said county at that time, the said James M. Jackson, as such justice of the peace, upon said complaint on oath, and said Bennett's plea of guilty of the charge contained therein, assessed a fine of one dollar against said Bennett, and rendered judgment against him for said fine and costs of prosecution, taxed at two dollars, a full, true and complete copy of which proceedings and judgment was filed with, and made part of, the complaint in this action.

The appellant's relator further alleged, that the appellee James M. Jackson had not faithfully discharged his

duties as such justice, as by his official bond he and his co-appellees had bound themselves he should do, but he had violated the conditions of such bond, in this, that he had neglected, failed and refused to tax for the relator, as such prosecuting attorney, the proper and legal docket fee of five dollars, as it was his duty to do, and to include the said fee in, and as a part of, the costs in said judgment against the said Bennett, and to collect such fee and pay the same over, on demand, to the relator, as such prosecuting attorney, although required so to do by the relator, before the commencement of this suit. Wherefore the relator alleged, that he had sustained damages in the sum of fifty dollars, for which and for other proper relief he demanded judgment.

To this complaint, the appellees demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court, and to this ruling the relator excepted, and, declining to amend his complaint, judgment was rendered against him for the costs of suit.

From this judgment the relator has appealed to this court, and has here assigned, as error, the decision of the circuit court in sustaining appellees' demurrer to the relator's complaint.

In his brief of this cause, in this court, the appellant's relator asks this court "to consider and determine two questions of law," as follows :

"1st. Who has the right to prosecute criminal cases before justices of the peace, in counties where there is no criminal prosecuting attorney?

"2d. Is it the duty of justices of the peace to tax a docket fee of five dollars, for the prosecuting attorney, as a part of the costs against the defendant, in every criminal case, where there is a judgment rendered for a fine and costs? "

We will give our opinion, as requested by the relator, in answer to each of these two questions, in their enumerated order; but it may well be doubted, as it seems to us, if the questions propounded, or either of them, are properly presented for our decision, by the record of this cause, and the relator's assignment of error thereon. In our statement of this case, we have given the appellant's relator the benefit of a very full summary of the facts alleged in his complaint, and very nearly in his own language. The gist of his supposed cause of action against the justice, Jackson, and his sureties, on his official bond, as stated in the complaint, is, that the justice of the peace, in the rendition of his judgment in the case of *The State of Indiana* v. *Samuel A. B. Bennett*, mentioned in said complaint, had neglected, failed and refused to adjudge and tax in favor of the relator, as such prosecuting attorney, the proper and legal docket fee of five dollars. It can not be doubted, we think, that the taxation of the costs, in so far as the determination of the right of any to fees or costs is involved, and the rendition of judgment therefor, by a justice of the peace, in any case, are his judicial acts; but, however erroneous these acts may be, and whether his erroneous acts, either of commission or omission, are caused by neglect, ignorance, mistake, or a wilful refusal to act, neither the justice nor his sureties in his official bond can be held liable or responsible in damages, to the party injured by his erroneous judicial acts. It is certain, therefore, that the complaint of the appellant's relator, in this case, did not state facts sufficient to constitute a cause of action, and that the appellees' demurrer thereto, for the want of facts, was correctly sustained. *Larr* v. *The State, ex rel.*, 45 Ind. 364; and *Kress* v. *The State, ex rel.*, 65 Ind. 106.

We will now consider and pass upon the questions propounded by the relator, in his brief of this case, and heretofore set out in this opinion.

1.    To the first of these questions there can, of course, be only one answer.    In those counties of the State wherein a criminal court is not organized and established by law, in all criminal causes before justices of the peace, the prosecuting attorneys of the circuit court, since, by section 79 of "An act to divide the State into circuits for judicial purposes," etc., approved March 6th, 1873, the offices of common pleas judge and district attorney were abolished, and all laws and parts of laws concerning said courts of common pleas must be construed to mean, and apply to the circuit courts, have precisely the same right to appear and prosecute for and on behalf of the State, that the district attorneys had prior to the 6th day of March, 1873.    1 R. S. 1876, p. 390.

The effect of said section 79, in this regard, as we construe its provisions, in counties having no separate criminal courts, was to give prosecuting attorneys the same rights, powers and duties in criminal causes before justices of the peace, which the district attorneys had by law at the time the office of district attorney was abolished in and by said section.    At that time, section 1 of "An act to provide for the election, and certain of the duties of prosecuting and district attorneys," approved June 11th, 1852, provided for the election, in each common pleas district, of a district attorney, who should prosecute the pleas of the State in the common pleas and justices' courts of such district.    2 R. S. 1876, p. 415.

In section 4 of the same act, it was provided, *inter alia,* that, " in suits before a justice of the peace where the fine can not exceed three dollars, the district attorney shall not receive a fee nor in any other case before a justice, except when requested to prosecute the suit by the injured or complaining party."    2 R. S. 1876, p. 416.

If the provision last quoted is in force, and we have been unable to find any statute which repeals it, we think

it is made applicable to the prosecuting attorneys of the circuit courts, in counties having no criminal courts, by the express terms of said section 79 of the aforesaid act of March 6th, 1873. It would seem, therefore, that, although the prosecuting attorneys of the circuit court, in counties having no criminal court, may appear and prosecute the pleas of the State in all criminal causes before justices of the peace in such counties, yet they would not be entitled to any docket fee in cases where the fine could not exceed the sum of three dollars, nor in any other cases before justices, "except when requested to prosecute the suit by the injured or complaining party."

2. In answer to the relator's second question, we may say that we are clearly of the opinion, that it is not the duty of justices of the peace to tax a docket fee of five dollars for the prosecuting attorney, as a part of the costs, against the defendant, in any criminal case where there is a judgment rendered for fine and costs, unless such prosecuting attorney, in person or by his deputy, has appeared and prosecuted such criminal case on behalf of the State, before such justice. The modern legislation of this State, on the subject of fees, has certainly been opposed to, and made no provision for, the taxation of constructive fees in any case. Thus, in section 1 of the fee and salary act of March 12th, 1875, which act fixes the fees of prosecuting attorneys, among other officers, it is provided that the persons and officers named in the act shall be entitled to receive, "for the services herein provided for," the salaries, fees and compensation allowed and set forth in the act, and none other. 1 R. S. 1876, p. 467.

In section 35 of said act, it is provided, that if any of the officers named in the act, prosecuting attorneys being named therein, shall "make any charge for services not by him performed," any such officer "shall be deemed guilty of a misdemeanor, and, upon conviction thereof,

shall be fined in any sum not less than five dollars, to which may be added imprisonment in the county jail for any period not exceeding one year," etc. 1 R. S. 1876, p. 478.

Construing the provisions of these sections together, it would seem to be certain that the Legislature did not intend that any of the officers named in the act should receive constructive fees, or fees " for services not by him performed."

The judgment is affirmed, at the costs of the appellant's relator.