Filed Sept. 17, 1891.

---

### No. 340.

### BASH ET AL. *v.* YOUNG.

SALE.—*Bona Fide Purchaser.—Defence of Title.—Liability of Seller for Expenses of Suit.—Joint Tort Feasors.*—Where a chattel is purchased in good faith and converted to the buyer's own use, but after its conversion it is claimed by another, and the buyer contests the claim by authority from the seller, who agrees to indemnify him for the expenses of the action, and, as a result of the suit, a judgment is recovered against the buyer and seller jointly, they are not joint tort feasors, and the buyer may maintain an action for the money expended in defending the title.

PRACTICE.—*Good Special Answer.—Sustaining Demurrer to.— When not Error.* —It is not error to sustain a demurrer to a good special answer where the facts pleaded may be shown under the general denial already in.

INSTRUCTIONS TO JURY.—Where no instructions are in the record except those objected to, and they contain no misstatements of the law, it can not be said there was any error in giving the ones criticised.

SAME.—*Refusal of.*—Available error can not be predicated upon the refusal to give an instruction requested, where the record does not contain all the instructions.

APPELLATE COURT.— *Weight of Evidence.*—Where there is some evidence to support the verdict, the Appellate Court will not reverse the judgment on the weight of the evidence.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. Q. Cline,* for appellants.

*O. W. Whitelock, C. W. Watkins, B. M. Cobb* and *S. E. Cook,* for appellee.

CRUMPACKER, J.—This action was commenced by Young against Bash & Kenner upon a complaint alleging, substantially, that in June, 1888, Bash & Kenner were partners, and as such they sold Young a cow for thirty-five dollars. He paid the purchase-price and slaughtered the cow, and soon afterwards one Henrietta Poorman claimed ownership of the animal and demanded payment for it from Young. He notified Bash & Kenner of her claim, but they insisted that they were the owners of the animal at the time they sold it to Young, and that he should contest Mrs. Poorman's claim and they would pay all of the expenses of the controversy. Mrs. Poorman afterwards sued Young and Bash & Kenner jointly for the wrongful conversion of the animal and obtained a judgment against them for its value and costs. An execution was issued upon the judgment against the property of Young, and to prevent a levy he paid the judgment and costs, amounting to seventy-five dollars and thirty cents. It is further averred that he paid out and expended thirty-five dollars in addition for attorney's fees and other necessary expenses in the defence of the suit.

An answer was filed consisting of the general denial, and a special paragraph which alleged, in substance, that the judgment described in the complaint was against all of the parties as joint tort feasors for the alleged tortious taking and conversion of the cow, and that Bash & Kenner ap-

pealed from the judgment so far as it related to them, and pending such appeal Young paid the judgment in full and their appeal was dismissed.

The special paragraph was rejected by the trial court upon a motion to strike it out.

A jury trial was had and resulted in a verdict and judgment in favor of Young for sixty dollars.

The defendants moved, unsuccessfully, for a new trial and took exceptions.

Errors are assigned: 1. Challenging the sufficiency of the complaint. 2. In sustaining the motion to strike out the second paragraph of answer, and 3. Overruling the motion for a new trial.

No demurrer was filed to the complaint, but counsel for appellants insist that it is fatally defective under the assignment in this court, because it proceeds upon the theory that one of several joint tort feasors may enforce contribution from his co-defendants, or that it is an attempt to recover indemnity for the perpetration of a wrong, which they contend can not be accomplished in either case. They have given a radically erroneous construction to the complaint. It is based upon the express promise of the appellants to reimburse the appellee for all costs and damages he should expend or become liable for in defending the title to property which they sold him. There was a sufficient consideration to support the promise, because in every sale of chattels there is an implied warranty of title, and if the title is attacked the purchaser need only notify the seller of the attack to conclude him by the judgment if his title is overthrown, and the burden of defending under such circumstances is with the seller. *Marshall* v. *Duke*, 51 Ind. 62.

If, instead of personally assuming the control and management of the defence, the seller authorizes the purchaser to do this, under promise of indemnity, the promise may be enforced.

While the Poorman judgment was rendered upon a tortious

demand as between the plaintiff and defendants, under the facts stated in the complaint in this case the parties were not joint tort feasors.

The appellee bought the animal in good faith, and converted it to his own use in the belief that it was his right so to do, and while these facts would afford no defence against the claim of the rightful owner, they would be sufficient to enable him to recover against the parties who sold the property to him, although they were joined with him in the action for its wrongful conversion. The complaint is .good against the challenge contained in the assignment of error.

There was no material error in striking out the second paragraph of answer.

The fact that the appellee paid the judgment pending an appeal, if admissible at all, could have been proved under the general denial. The complaint alleges that he undertook to defend against the Poorman claim, and was defeated and paid the judgment to prevent a levy upon his property, and these facts were put in issue by the general denial.

It is strenuously insisted on behalf of appellants that the evidence does not sustain the verdict. We have carefully read all of the evidence, and while there is a sharp conflict upon some questions, and the preponderance may appear to be with the appellants upon others, there is some evidence in support of the verdict upon every question essential to a recovery by the appellee, and this precludes us from laying the judicial hand upon it even if it were admitted to be against the overwhelming weight of the evidence.

Appellee testified that he purchased the cow of the appellants, and that Mrs. Poorman afterwards claimed it, and that appellants promised to indemnify him if he would contest her claim. He did this, and lost, and paid the judgment and costs rendered against him. Kenner admitted that he promised to stand by appellee in the defence of the suit provided he took the animal they sold him. Whether he took the right animal or not was a controverted question in the case.

The trial court reviewed the work of the jury from a standpoint much more advantageous to a just determination of the rights of the parties than this court occupies, and we can not say that its conclusion was wrong.

Counsel for appellants also complain of three instructions given to the jury by the court, and of the refusal to give one requested by them.

None of the instructions given are in the record except those under criticism, and it is very difficult to say how far those in the record may have been limited or qualified when read with reference to the whole series. We are not convinced that any error occurred in giving them. They contain no misstatements of the law abstractly, or as applied to the facts in the case.

We are not at liberty to consider the alleged error in refusing to give the one requested, because every presumption is summoned in support of the ruling of the trial court, and if it were conceded that the instruction refused contained a correct statement of the law applicable to the case, we must presume that it was fully covered by those given, and was refused on that account. *Sexson* v. *Hoover*, 1 Ind. App. 65.

There is no error in-the record for which the judgment should be reversed; it is therefore affirmed, with costs.

Filed Sept. 16, 1891.