## STATE OF INDIANA, EX REL. THOMAS *v.* CHILDS ET AL.

[No. 8,357. Filed June 9, 1914. Rehearing denied January 19, 1915. Transfer denied March 10, 1915.]

1. JUSTICES OF THE PEACE.—*Official Bonds.—Liability.*—While judicial officers are, as a rule, not required to give bonds for the faithful performance of their duties, such bonds are required to be given by justices of the peace because of the ministerial and clerical functions with which they are invested; but neither a justice of the peace, nor the surety on his bond, is liable for damages flowing from his erroneous judicial acts. p. 249.

2. JUSTICES OF THE PEACE.—*Character of Acts.—Ministerial Acts.*—Generally the acts of a justice of the peace are judicial in character, but where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the discretion or judgment, the act is ministerial. p. 250.

3. JUSTICES OF THE PEACE.—*Accepting and Approving Void Recognizance Bond.—Liability.*—A justice of the peace, having jurisdiction of the subject-matter and the parties in a bastardy proceeding, necessarily determines the legal capacity and sufficiency

of the surety in ·fixing the amount and approving the recognizance bond tendered by defendant, and hence acts in a judicial capacity, so that neither the justice nor the surety on his official bond is liable for damages because of his acceptance of a bond in such proceeding which was worthless by reason of the legal incapacity of the surety thereon.   p. 250.

4.   JUSTICES OF THE PEACE.—*Special Constables.*—*Liability.*—Under §1728 Burns 1914, §1440 R. S. 1881, making a justice of the peace liable on his official bond for the acts of a special constable, there can be no liability against a justice or the sureties. on his bond for damages because of alleged neglect of duty by a special constable in a bastardy proceeding, predicated on such constable's failure to disclose to the justice that the surety on the recognizance bond approved by him was a married woman, since it was neither the duty nor the right of such constable to question the sufficiency of the recognizance, or to assume to act in disregard of the right of the accused to his release thereunder. p. 252.

From Starke Circuit Court; *Francis J. Vurpillat,* Judge.

Action by the State of Indiana, on the relation of Mary Edith Thomas, by her next friend, against Sidney J. Childs and another.   From a judgment for defendants, the relatrix appeals.   *Affirmed.*

*H. W. McDowell, Wm. J. Reed* and *Harley A. Logan,* for appellant.

*H. A. Steis* and *W. C. Pentecost,* for appellees.

FELT, C. J.—This is a suit by the State of Indiana on the relation of Mary Edith Thomas, by her next friend, against appellees as sureties on the official bond of John E. Sherred, justice of the peace.   The breach alleged is the acceptance and approval by said Sherred, as justice of the peace, of a recognizance.

The facts material to the question presented are shown by the pleadings to be as follows:   The relatrix filed her complaint before Sherred, justice of the peace of Davis Township, Starke County, Indiana, charging Lloyd Hopkins with being the father of a bastard child with which she was then pregnant.   Steps which are not questioned were duly taken by which Hopkins was arrested and brought

before said justice of the peace to answer the charge. The date was set for the hearing and the justice fixed the amount of the defendant's bond at $300, which bond was duly executed with Ella J. Roose, the mother of the defendant as the sole surety thereon. She was at the time a married woman, which fact was known to Sherred. The defendant failed to appear at the time set for the hearing before the justice of the peace and has departed from the State of Indiana. The justice tried the case in the absence of defendant and found that he was the father of the bastard child of the relatrix as alleged, and thereafter certified a transcript of the proceedings to the circuit court of the county where a trial was had in the absence of the defendant. Judgment was rendered against him in the sum of $500 in favor of the relatrix, which judgment is in full force and effect and unpaid. The defendant did not submit himself for imprisonment, has no property and is insolvent. Appellant afterward brought suit in the circuit court of the county on the recognizance bond of Ella J. Roose and it was declared void. This suit was afterwards instituted. The amended complaint is in two paragraphs to each of which a demurrer for want of facts was sustained and appellant refusing to plead further; judgment was rendered that the plaintiff take nothing by the complaint, and for appellees for costs. These rulings are assigned as error.

The controlling question to be determined is whether the justice of the peace in fixing the amount of the bond and in approving the surety was performing a judicial or a ministerial act. There is no charge that he acted corruptly, either in fixing the amount of the bond or in approving the surety. Ordinarily, judicial officers are not required

1. to give bonds for the faithful performance of their duties. The major portion of their duties are of such a nature that the sanctity of the official oath and the conscience of such officials must furnish the only guarantee of their conscientious performance of duty. An official bond

is generally required of justices of the peace, who, in addition to their judicial duties, are frequently invested with numerous ministerial and clerical functions, and in the discharge of their duties receive and disburse money. Neither a justice of the peace nor the sureties on his official bond can be held liable in damages to a party injured by his erroneous judicial acts. *State, ex rel.* v. *Jackson* (1879), 68 Ind. 58, 61; *Kress* v. *State, ex rel.* (1878), 65 Ind. 106, 107; *State, ex rel.* v. *Littlefield* (1835), 4 Blackf. 129, 130.

Whether the acts complained of in this case were judicial in character, presents a more difficult question. Speaking generally, all acts of a justice of the peace, or other

2.  like officers, which require the exercise of legal discretion or judgment, are judicial rather than ministerial in character. Where the law prescribes and

3.  defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial. *Rains* v. *Simpson* (1878), 50 Tex. 495, 501, 32 Am. Rep. 609; 24 Cyc. 421 (C.) and note 47; 18 Am. and Eng. Ency. Law 44.

In the case of *Howe* v. *Mason* (1863), 14 Iowa 510, a justice of the peace approved a replevin bond with a married woman and another insolvent person as sureties. By the law of the state, a married woman's contract was not binding on her and the other surety being insolvent, no recovery could be had on such bond. Because of this fact, suit was brought on the official bond of the justice of the peace and the court in the course of its opinion said: "In the case before us the justice did not refuse to act, but, on the contrary, accepted the bond in good faith, supposing that the sureties were sufficient to protect the rights of the plaintiff. We are constrained to admit the force of the argument that a justice of the peace, in approving a bond, exercises the same discretion that is exercised by every ministerial officer who takes bail, and whose duties are solely ministerial. But a justice of the peace, by virtue of his office, is both a judicial

State, ex rel. *v.* Childs—58 Ind. App. 247.

and ministerial officer. In the same cause in which he acts
ministerially he has to hear evidence, determine legal ques-
tions, and pass judgment upon the merits of the case. Being
required by law to act in both capacities, we can not per-
ceive any reason why the rule that is held to apply to all
judicial officers, should not for like causes apply to a justice
of the peace where there is a discretion to be exercised. We
are inclined to the opinion, and so hold, that the act of
approving a bond by a justice of the peace is of a judicial
character, or at least determining the question whether the
sureties in a bond are competent to contract, so partakes of
a judicial act as to release a justice from liability if he should
honestly err in his judgment.'' In the case of *Chickering*
v. *Robinson* (1849), 57 Mass. 543, it was held that an action
on the case would not lie against a justice of the peace for
an error in judgment in taking a recognizance *in a form not*
*authorized by the law and therefore invalid.* In the opinion
the court said: ''The question, in regard to the force and
effect of the recognizance, was a question of law, which the
defendant was called upon and obliged to decide, in the
course of the discharge of his judicial duties, as a justice of
the peace; and his decision on that question was clearly a
judicial opinion or act.''

A justice of the peace is invested with both ministerial
and judicial powers. In the same suit or proceeding, he is
called upon to act in both capacities. It is not always easy
and practical to separate the one from the other and to
apply strictly the rules applicable to ministerial officers to
his acts of that character and the rules applicable to judi-
cial officers to his judicial acts. Furthermore there is an
inherent inconsistency in holding a justice of the peace re-
sponsible for errors of judgment for which no liability exists
against a judge of a court of general jurisdiction, since both
are invested with judicial powers. In this case, the justice
of the peace had jurisdiction of the subject-matter and of
the parties. He did fix the amount of the bond and approve

the surety. In so doing, he necessarily determined the legal capacity of the surety to enter into such contract, and her sufficiency as such surety. In determining these questions, the justice was called upon to exercise discretion and we therefore hold that, in so doing, he acted in a judicial capacity. *Chickering* v. *Robinson, supra; Way* v. *Townsend* (1862), 86 Mass. 114; *Lester* v. *Governor* (1847), 12 Ala. 624, 625; *Smith* v. *Trawl* (1790), 1 Root (Conn.) 165, 166; *Governor* v. *McAffe* (1828), 13 N. C. 15, 17; *Cannon* v. *Donn* (1848), 7 D. C. 264; *People* v. *Judges, etc.* (1827), 7 Cow. (N. Y.) 487, 488; *Howe* v. *Mason, supra; Wasson* v. *Mitchell* (1864), 18 Iowa 153, 155; *Maynes* v. *Brockway* (1881), 55. Iowa 457, 459; *Wertheimer* v. *Howard* (1860), 30 Mo. 420, 77 Am. Dec. 623; *Williams* v. *Elliott* (1898), 76 Mo. App. 8, 11; 24 Cyc. 421 *et seq.;* 18 Am. and Eng. Ency. Law 46; *State, ex rel.* v. *Wolever* (1891), 127 Ind. 306, 318, 26 N. E. 762; *Kress* v. *State, ex rel., supra; State, ex rel.* v. *Littlefield, supra.* The court did not err in sustaining the demurrer to the first paragraph of the complaint.

Section 1728 Burns 1914, §1440 R. S. 1881, provides that the justice appointing a special constable, with his sureties, shall be liable on his official bond for any neglect of duty or illegal proceedings of such constable. The constable was appointed specially in this case and appellant contends that inasmuch as the second paragraph of complaint shows that he was present when the bond was taken, that he knew the surety was a married woman, "and knew the justice had not taken any surety at all for the appearance of the defendant", such special constable was liable for neglect of duty and illegal proceedings, which show a liability against the justice and his bondsmen. The pleading shows that the justice did take a recognizance and it was neither the duty nor the right of the constable to question its sufficiency or to assume to act in disregard of the right of the accused to his release thereunder. The fact that the recognizance may have been defective in form and

the surety wholly worthless can make no difference.  The power to decidé necessarily carries with it the power to decide wrong as well as right.  We find nothing in the case of *Lemert* v. *Shaffer* (1892), 5 Ind. App. 468, 32 N. E. 788, relied on by appellant, in conflict with our conclusion.

For the reasons already stated, we hold there was no error in sustaining the demurrer to the second paragraph of complaint.  Judgment affirmed.

NOTE.—Reported in 105 N. E. 580.  As to liability of sureties of justice of the peace, see 91 Am. St. 575.  See, also, under (1) 24 Cyc. 411, 421, 429; (2, 3) 24 Cyc. 421; (4) 24 Cyc. 429.