MITCHEL HART v. THOMAS BOYLE, IMPLEADED, &c.

Where the breach of the condition of an insolvent bond given under the statute, as alleged in the declaration in an action on the bond, is that the defendant did not appear at the next Court of Common Pleas, and petition for his discharge in accordance with the condition, a special plea to the declaration which merely avers that the defendant appeared at a "subsequent" court, is bad on demurrer. It does not avoid the facts set up in the declaration nor the breach of the condition, in compliance with the rule that the plea to be good must answer the whole of what is adversely alleged.

On demurrer to plea.

Argued at February Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *Alfred Hugg.*

For the defendant, *William T. Boyle* and *Henry S. Scovel.*

The opinion of the court was delivered by

LIPPINCOTT, J. The action in this case, and the declaration therein, is upon an insolvent bond given by the defendant on the 13th day of December, 1896, to the plaintiffs in the penal sum of $1,729.40. The condition of the bond is that the defendant should appear before the then next Court of Common Pleas to be holden in the county of Camden, and petition said court for the benefit of the insolvent laws, and comply with the requirements of said insolvent laws, and appear in person at every subsequent term until he should be duly discharged as an insolvent debtor, and, if refused a discharge, surrender himself immediately thereafter to the sheriff, there to remain until discharged by due course of law.

The declaration avers as a breach that the defendant " did not appear before the then next aforesaid Court of Common Pleas after the making of the said bond or writing obligatory, and petition said court for the benefit of the insolvent laws of the State of New Jersey, and did not in all things comply with the requirements of the said insolvent laws, and did not appear in person at every subsequent court until he should be duly discharged as an insolvent debtor, and, if refused a discharge, surrender himself immediately thereafter to the sheriff of the county of Camden, and there remain until discharged by due course of law."

The second plea to this declaration avers that the defendant " appeared before a subsequent Court of Common Pleas of the county of Camden, to wit, on the 17th day of July, A. D. 1896, being still the April Term, 1896, and petitioned the said Court of Common Pleas for the benefit of the insolvent laws according to the form and effect of said condition." The plea further avers that the Court of Common Pleas fixed September 8th, 1896, for the hearing of said petition, and that before the day fixed for such hearing the defendant died.

To this plea plaintiff has filed a demurrer, alleging as cause that the plea confessing the fact set forth in the plaintiff's breach of the bond presents no bar to the action.

The breach of the condition of the bond is sufficiently

alleged. It is not perceived how the breach could be any differently stated in the declaration. The condition is that the defendant shall appear and petition the court for his discharge. That he did not so appear is distinctly charged.

It seems to me that the condition of the insolvent bond is very much likened to the condition of a bail bond, and in an action upon such bond the breach thereof is always in the declaration averred generally, that the defendant did not appear as in the condition of the writing obligatory mentioned, but therein wholly failed and made default, whereby the writing obligatory became forfeited. 2 *Chitty Pl.*, § 449.

No fault can be found with the manner in which the condition and breach thereof are set out in the declaration.

Breaches of the condition of an insolvent bond differ very much in averments from those which arise out of official bonds in which the condition is that the official will faithfully discharge his duty. In such cases a specific breach must be alleged. The cases of *State* v. *Littlefield*, 4 *Blackf.* 129, and *People* v. *Brush*, 6 *Wend.* 454, apply only to the manner of alleging breaches of the conditions of such bonds and have no application to this case.

The second plea in this case is not an answer to the plaintiff's declaration. The condition of the bond is that the defendant should appear at the then next court and present his petition. The breach is that he did not so appear.

The rule is well settled that the plea must be an answer to the whole of what is adversely alleged, if the allegation be one which is material. A plea in bar must deny, confess or avoid the facts stated in the declaration. In answer to the breach of the condition as contained in the declaration, the defendant answers that he appeared at a " subsequent " court, and presented his petition, without at all averring that the " subsequent " court was the then next court, in compliance with the condition of the bond.

This is not an answer to the declaration.

It is not deemed necessary to determine under what circumstances, if any, the presentation of a petition at any subse-

quent court would be a compliance with the insolvent laws of the state, such as to operate as a discharge of the bond. The construction of the third and sixth sections of the insolvent laws (*Gen. Stat., pp.* 1727, 1728) is not necessarily involved in the determination of the character of the plea under discussion.

The demurrer must be sustained, with costs.