### CATHERINE GLYNN v. GEORGE KELLY ET AL.

Submitted March 17, 1904—Decided June 13, 1904.

Where, in an action upon an insolvent bond, the declaration alleges, as a breach, that the defendant failed to appear before the Court of Common Pleas held next after the giving of the bond, or at any other time prior to the institution of the suit, and there apply for the benefit of the insolvent laws in accordance with the condition of the bond, a plea which merely avers that the defendant applied to the court for the benefit of the insolvent laws, pending the suit, does not present a valid defence to the action.

---

On case certified from the Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff, *McEwan & McEwan.*

For the defendants, *James P. Northrop.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action upon an insolvent bond, given by the defendants to the plaintiff and dated April 1st, 1903. The condition of the bond, a copy of which is annexed to and made a part of the declaration, is

that the defendant Kelly shall appear before the next Court of Common Pleas, to be holden in the county of Hudson, and petition the said court for the benefit of the insolvent laws of this state, and shall in all things comply with the requirements of the said insolvent laws, and shall appear in person at every subsequent court until he shall be duly discharged as an insolvent debtor; and, if refused a discharge, surrender himself immediately thereafter to the sheriff or keeper of the jail of said county, there to remain until discharged by course of law. The breach alleged in the declaration is that the said Kelly did not appear at the next Court of Common Pleas of Hudson county and petition said court for the benefit of the insolvent laws of this state, and did not so appear and petition said court at any other time.

To this declaration the defendants filed a plea *puis darrein continuance,* by leave of the court first had and obtained, in which they set up as a defence to the action "that, although the said Kelly did not appear before the next stated term of the Court of Common Pleas to be holden in the county of Hudson after the making of said bond, nor at any other term of said court before the commencement of this suit, yet they say that, after the last continuance of this case, and before this day, the said Kelly did appear and petition the said Court of Common Pleas for the benefit of the insolvent laws of this state, and did in all things comply with the requirements of said insolvent laws."

To this plea the plaintiff demurred, and the Circuit Court, conceiving that the demurrer presented a question of doubt and difficulty, certified it to this court for its advisory opinion.

It is conceded that the condition of the bond, and its breach, are properly set out in the declaration. The only question presented is whether the facts alleged in the plea constitute a defence to the action. A similar question was presented to this court in the case of *Hart* v. *Boyle,* 31 *Vroom* 320, where, in an action upon an insolvent bond, the defendant pleaded that he had "appeared before a subsequent Court of Common Pleas and petitioned the court for the benefit of insolvent laws." It was there held that the plea was bad

because it failed to aver that the "subsequent" court, at which the defendant appeared, was the then next court held after the giving of the bond, and was therefore no answer to a declaration upon a bond, the condition of which required the defendant to appear before "the then next" Court of Common Pleas and petition for the benefit of the insolvent laws, and the breach of which condition was alleged to be the failure of the defendant to appear at the court held next after the giving of the bond. In our opinion, the case referred to rules that are now under consideration.

It may be well to add that the plea in the present case is even less meritorious than that in Hart v. Boyle. Here the declaration alleges that the defendants not only failed to appear before and petition the court held next after the giving of the bond, but that they failed to do so at any other time prior to the institution of this suit. The plea expressly admits the truth of these allegations, but seeks to avoid liability by reason of the defendants having applied to the Court of Common Pleas for the benefit of the insolvent laws while the suit was pending. To hold that such a plea constitutes a valid defence to an action upon an insolvent bond would be to practically declare such bonds to be mere waste-paper, for the debtor could, with impunity, entirely diregard the condition of the bond unless and until suit was brought upon it, and then defeat a recovery by appearing before the Court of Common Pleas and petitioning it for the benefit of the insolvent laws.

The Circuit Court is advised that the plaintiff is entitled to judgment.