JOHN CARBOY, PLAINTIFF-APPELLANT, v. SIGMUND SMOLENSKY, DEFENDANT-RESPONDENT.

Submitted October 14, 1932—Decided February 25, 1933.

Before Justices BODINE and DONGES.

For the appellant, *Irving Binetsky* and *Julius Barr*.

For the respondent, *Milton M. Unger*.

PER CURIAM.

This is an appeal from an order of the Essex County Court of Common Pleas discharging a bond given by the defendant, Sigmund Smolensky, as principal, and the Public Indemnity Company, Incorporated, as surety, in the sum of $1,000 in favor of plaintiff.

It appears that plaintiff, Carboy, obtained a judgment against defendant in the First District Court of Newark in a tort action in the sum of $450. Execution being returned unsatisfied, defendant was taken under a *capias satisfacien-*

*dum.* He executed an inventory of property and gave the customary bond (the one ordered discharged below) and was released. The bond was in the language of section 2 of the Insolvent Debtors act (2 *Comp. Stat., p.* 2824), and provided: "If the said Sigmund Smolensky shall appear before the next Court of Common Pleas, to be holden in the county aforesaid, and petition said court for the benefit of the insolvent laws of this state and shall in all things comply with the requirements of the said insolvent laws, and shall appear in person at every subsequent court, until he shall be duly discharged as an insolvent debtor, and, if refused a discharge, surrender himself immediately thereafter to the sheriff or keeper of the jail of said county, there to remain until discharged by due course of law, then this obligation to be void, otherwise to remain in full force."

This bond was recorded June 5th, 1931.

The defendant did not appear before the next term of the Common Pleas and nothing appears to have been done until the plaintiff instituted an action on the bond in the First District Court of Newark on March 7th, 1932.

On March 17th, 1932, an attorney representing the surety moved for the cancellation of the bond. There was no appearance by the debtor and no notice to plaintiff or other creditors. The order was entered *ex parte*. This procedure was plainly irregular and not in conformity with that outlined in the statute leading to discharge.

On June 8th, 1932, the judge of the Common Pleas, upon a motion to vacate the order discharging the bond, ordered that the defendant be produced before him for a hearing. The hearing was held on July 5th, 1932, and the judge refused to disturb his prior order, saying that he had done no one an injustice thereby. Plaintiff now appeals.

Putting aside the discussion of the irregularity of the proceedings and the question of whether or not the hearing held after the order cured the lack of notice, &c., the question to be determined is whether or not the defendant and the surety were entitled to have the bond canceled.

The order was improperly entered. The defendant did not

appear at the next term of court and petition for the benefit of the insolvent laws, as required by the bond, nor did he take any steps to procure his discharge, nor did the surety surrender him. In *Sholes* v. *Eisner*, 90 *N. J. L.* 151, a creditor sued on a bond given under this act and it appeared that the debtor had appeared at the next term of court and petitioned for release. A year later an order appointing assignees under the act was made. Plaintiff claimed a breach of the bond because the debtor had not appeared at each intervening term of court. A verdict for plaintiff was directed. This was reversed because the delay was the fault of the court, there being no reason why assignees could not have been appointed at the next term when the debtor appeared, and further because it was the duty of the plaintiff to affirmatively prove that defendant did not appear at each term. Chancellor Walker, speaking for the Court of Errors and Appeals, said:

"The doctrine of the Young case, applied to the case at bar, would indicate that when the legislature provided that an insolvent debtor should be discharged from arrest provided he made out and delivered to the officer a true and perfect inventory, &c., of all his goods, &c., and should give bond to the plaintiff at whose suit he was arrested, with sufficient surety, with condition required by the statute, and provided further that if upon hearing of his application for discharge the court should be satisfied that his conduct had been fair, upright and just—which, perforce, must include compliance with the terms of the act, which alone would entitle him to a discharge—and then discharges him from confinement on account of the very debt for which he was arrested, that discharge must necessarily presuppose that there had been no breach of the condition of the bond, and that, of course, would operate to discharge the sureties from their obligation."

It would thus appear that there must be a discharge of the debtor, in accordance with the provisions of the act, before the bond can be canceled. In the instant case there has not yet been a discharge of the debtor, nor any step taken in that direction. The order merely cancels the bond. Furthermore,

it clearly appears from the above language that the debtor is not entitled to a discharge unless he complies with the condition of the bond. This admittedly has not been done in the instant case.

In *Hart* v. *Boyle,* 60 *N. J. L.* 320; 38 *Atl. Rep.* 801, plaintiff sued upon an insolvent bond, alleging in the declaration that defendant did not appear at the next term of the Common Pleas. In the opinion it is stated that the bond was dated December 13th, 1896, although this is apparently an error and December 13th, 1895, is meant. Defendant pleaded that he appeared before a subsequent term of court on July 17th, 1896. Plaintiff demurred to this plea and the demurrer was sustained, the Supreme Court saying: "The second plea in this case is not an answer to the plaintiff's declaration. The condition of the bond is that the defendant should appear at the then next court and present his petition. The breach is that he did not so appear." See, also, *Glyn* v. *Kelly,* 71 *N. J. L.* 10; 58 *Atl. Rep.* 178.

It is clear that the condition of the bond had been breached; that the defendant had not been discharged from arrest and was not entitled to be, since he did not comply with the statute; that the bond could not properly be canceled and the surety released unless the defendant complied with the statute and secured his discharge.

The order is reversed, with costs.